**Robert Charles SIMPSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61250.**

Court of Criminal Appeals of Texas, Panel No. 1.

June 4, 1980.

Rehearing Denied Sept. 10, 1980.

James A. Amis, Jr., Bryan, on appeal only, for appellant.

Travis B. Bryan, III, Dist. Atty. and Jim W. James, III, Asst. Dist. Atty., Bryan, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and DALLY, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation. On original submission the appeal was abated and the trial judge directed to make findings of facts and conclusions of law on the voluntariness of the confession which was the basis of the revocation order. That has now been done and the appeal is reinstated.

On May 2, 1977, the appellant entered a guilty plea before the court to the offense of burglary of a motor vehicle. His punishment was assessed at five (5) years' imprisonment, but the imposition of the sentence was suspended and he was placed on probation subject to certain conditions, including

"(a) Commit no offense against the laws of this or of any other state or of the United States."

On December 14, 1977, the State filed a motion to revoke probation alleging that on October 30, 1977 the appellant committed the offense of aggravated robbery. On August 9, 1978, the court conducted a hearing on said motion, at the conclusion of which it revoked probation on the ground alleged. Punishment was reduced to four (4) years, sentence was imposed, and notice of appeal was given.

Initially, appellant contends the "trial court committed reversible error in failing

to rule that there was no causal connection between the alleged statement or confession and the criminal charge for which appellant was arrested."

Appellant's ground of error is somewhat difficult to follow. A brief recitation of the facts may set the contention in better perspective. On the night of October 30, 1977, Ronald Stone, Assistant Manager of the Sonic Drive In in Bryan, was leaving the store with the day's receipts when he was accosted by a man with a shotgun whose face was covered with a nylon stocking. They struggled and then another man came to the assistance of the first robber and Stone relinquished the money he had. He reentered the store and called the police. Detective Oscar Chavarria of the Bryan Police Department investigated. Stone was unable to identify either one of his assailants. The following day Chavarria returned to the Sonic Drive In and talked to a girl there. After said conversation, he went to the District Attorney's office and subsequently obtained an arrest warrant. Here the plot thickens. The arrest warrant was for a robbery offense occurring in 1974 at a Baskin–Robbins store, not the offense made the basis of the revocation.[1] The appellant was arrested a day or two later, given the *Miranda* warnings, taken before Justice of the Peace Dewey, where he was again warned of his rights by the magistrate, and bail was set on the robbery charge at Baskin–Robbins. Chavarria then took the appellant to the Bryan Police Department. Interrogation began. When asked why he obtained an arrest warrant for another offense, Chavarria testified ". . . I wanted a legal way to talk to him." It appears during the interrogation appellant admitted the robbery at the Sonic Drive In, was given the *Miranda* warnings to read, and then gave a written statement which he signed. This confession was introduced during the revocation hearing and is the basis of the revocation as appellant was not identified by Stone or any other witness as one of the robbers. The court found it to have been made voluntarily after proper warnings.

Appellant argues it is wrong to arrest an individual on one charge in order to legally talk to him about a suspected offense, and he contends the first charge did not exist. The record does not support this latter statement. Further, an arrest warrant was issued concerning said charge and at some time appellant was indicted for the offense. It is true that the indictment was later dismissed, but that fact alone does not show that it was a false charge.[2]

Chavarria did state he obtained the arrest warrant in order to talk to the appellant "in a legal way," but he did not further clarify his remark. He did not state the robbery charge concerning the Baskin–Robbins store was false or that his only purpose was to talk to appellant about the robbery of the store at Sonic Drive In for which he had no probable cause to arrest appellant. In fact, appellant testified that after their arrival at the police station Chavarria and he discussed several robbery offenses.

Appellant cites *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), which held that *Miranda* warnings, alone and per se, cannot always make an act of confession sufficiently a product of free will to break, for Fourth Amendment purposes, the causal connection between the illegality of an arrest and a confession, and that in–custody statements which stemmed from an illegal arrest were not rendered admissible merely because the defendant had been given *Miranda* warnings prior to making statements. Brown, of course, was arrested without probable cause and without a warrant.

■ In the instant case, appellant was arrested with a warrant, and there is nothing to show that the arrest on the Baskin–

---

1. The record reflects that appellant was indicted for the robbery occurring at the Baskin-Robbins store, but whether it had been returned when Chavarria obtained the arrest warrant is not clear from this record. It ap-

pears the indictment was subsequently dismissed.

2. The reasons for dismissal of the indictment are not reflected by the record.

Robbins robbery charge was without probable cause. The fact that a defendant is arrested on one charge and warned concerning said charge and engages in a conversation with interrogating officers about several robberies and admits one not yet charged does not render his confession thereto void. The appellant was given his *Miranda* and Article 38.22, V.A.C.C.P., warnings prior to giving the confession and the court found the confession to have been voluntarily made. We find no causal connection between the arrest by warrant and the confession that would taint the confession and render it inadmissible.

In two grounds of error appellant contends the court erred reversibly in overruling his objection to the admission of the confession with two prior findings of fact and conclusions of law.

At the revocation hearing officer Chavarria testified as to taking appellant's confession. When the confession was offered into evidence, appellant's counsel objected and asked the court to withhold a ruling until after cross-examination. The court reminded appellant's counsel of his motion to suppress and told counsel the witness could be taken on "voir dire." After counsel's interrogation of Chavarria, the State again offered the confession and it was admitted. Counsel then asked to call appellant for the limited purpose of testifying on voluntariness of the confession, which he did. Chavarria was recalled by the State in rebuttal. Thereafter, the court overruled appellant's further objection to the confession. The court's act in overruling the objections and admitting the confession was tantamount to a general finding that it was voluntarily made, for otherwise it should not have been admitted. While the court should have filed its findings of facts and conclusions of law as required by Article 38.22, V.A.C.C.P., as soon as possible after admission of the confession and whether the accused objects to the failure to follow the statute or not, the fact it did not until after abatement of the appeal for that purpose does not result in reversible error. See *Davis v. State*, 499 S.W.2d 303 (Tex.Cr.App.1973); *Hester v. State*, 535 S.W.2d 354 (Tex.Cr.App.1976); *McKittrick v. State*, 535 S.W.2d 873 (Tex.Cr.App.1976).

Appellant's contentions are overruled.

The judgment is affirmed.