**Billy Ray DYKES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 65329.

Court of Criminal Appeals of Texas, En Banc.

May 4, 1983.

---

**634**

Steve Johnson, Marlin, for appellant.

Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary of a habitation, where the jury assessed punishment at nineteen (19) years' confinement.

At the outset we are confronted with appellant's contention the court erred in admitting into evidence a written confession which he urges was involuntarily given and induced by a promise made by the Sheriff.

In response to the appellant's motion to suppress the confession, the trial court conducted a hearing as to the voluntariness and hence admissibility of appellant's con-fession. See Article 38.22, § 6, V.A.C.C.P., and *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

At the hearing Sheriff Larry Pamplin of Falls County testified that he had taken a written confession or statement from the appellant concerning the alleged offense. He related that appellant had first been warned of his rights by a Justice of the Peace and later he had given the *Miranda* warnings to the appellant prior to taking the confession. Sheriff Pamplin testified it was a voluntary statement, that he did not use threats or force and did not promise the appellant any reward or benefit in order to obtain the statement.

Called by the defense, District Attorney Elmo Parsons testified that after the taking of the confession he had talked to the Sheriff about the case, that the Sheriff informed him he (the Sheriff) had told the appellant that he would recommend the minimum punishment of five years to the District Attorney. The prosecutor related that the Sheriff had stated he had made no promises to the appellant.[1]

Appellant testified that after his arrest he was first placed in the McLennan County jail, and that he had requested to make a telephone call to a lawyer but a jailor and Deputy Sheriff Cal Luedke of McLennan County had refused him this request. Luedke told appellant, he said, to cooperate with Sheriff Pamplin and that he (Pamplin) would help him. Appellant took this to mean that he should confess and he would get a better sentence. On the way to the Falls County jail appellant stated Sheriff Pamplin asked if Luedke had told him (appellant) that he (Pamplin) would help him. The Sheriff, according to appellant, told him that he had enough evidence to give him a maximum sentence of life, but if he confessed he "would give me the minimum." Appellant also stated the Sheriff said "he would run the sentence" concurrently with a Hill County sentence if he

---

1. Later, during the trial on the merits, the District Attorney revealed the Sheriff stated he had informed the appellant he would tell the District Attorney he (appellant) had cooperated.

(appellant) confessed. At the county jail appellant related Deputy Ben Kirk told him to tell the Sheriff about the merchandise, that the Sheriff could be trusted, that he (Kirk) had worked both for the Sheriff and his father and he (Kirk) had never known them "to go back on their promise." Appellant stated he would never have made the confession if he had not been made promises by the Sheriff to give him a five year sentence and run it concurrently with the sentence in Hill County.

Obviously there was a conflict in the testimony offered at the hearing. At the conclusion the trial court orally stated he was holding the confession admissible, voluntary, etc., and that a written order would follow. There is, however, no such written order making specific finding of facts or conclusions filed among the papers of the cause. The statement dictated into the record was general and conclusory in nature and did not attempt to solve any disputed fact issue.

In *Jackson v. Denno,* supra, the United States Supreme Court wrote:

"It is now axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession, *Rogers v. Richmond,* 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760, and even though there is ample evidence aside from the confession to support the conviction. *Malinski v. New York,* 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029; *Stroble v. California,* 343 U.S. 181, 72 S.Ct. 599, 96 L.Ed. 872; *Payne v. Arkansas,* 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975. Equally clear is the defendant's constitutional right at some stage in the proceedings to object to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness, a determination uninfluenced by the truth or falsity of the confession. *Rogers v. Richmond,* supra."

As a constitutional matter, *Jackson v. Denno,* supra, requires that the trial judge's conclusion as to voluntariness must, at least, appear from the record with unmistakable clarity. *Sims v. Georgia,* 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967).

■ It is clear from the above that as a matter of federal constitutional procedure binding on the states that there must be a clear-cut and reliable determination in the first instance of the voluntariness of a written confession by the trial court where an objection to its admissibility has been interposed. Cf. *Boles v. Stevenson,* 379 U.S. 43, 85 S.Ct. 174, 13 L.Ed.2d 109 (1964).

Further, there are state statutory provisions relating to the procedure involved. Article 38.22, § 6, V.A.C.C.P., reads:

"In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. *If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause.* Such order shall not be exhibited to the jury nor the finding thereof made known to the jury in any manner. Upon the finding by the judge as a matter of law and fact that the statement was voluntarily made, evidence pertaining to such matter may be submitted to the jury and it shall be instructed that unless the jury believes beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such statement for any purpose nor any evidence obtained as a result thereof. In any case where a motion to suppress the statement has been filed and evidence has been submitted to the court on this issue, the court within its discretion may reconsider such evidence in his finding that the statement was voluntarily made and the

**636**

same evidence submitted to the court at the hearing on the motion to suppress shall be made a part of the record the same as if it were being presented at the time of trial. However, the state or the defendant shall be entitled to present any new evidence on the issue of the voluntariness of the statement prior to the court's final ruling and order stating its findings." (Emphasis supplied.)

▮ Thus a determination by the trial judge of the voluntariness of an accused's confession prior to its admission into evidence is both a constitutional and statutory requirement and must be made manifest of record. *Jackson v. Denno,* supra; *Sims v. Georgia,* supra; Article 38.22, supra; *McKittrick v. State,* 535 S.W.2d 873 (Tex. Cr.App.1976); *Davis v. State,* 499 S.W.2d 303 (Tex.Cr.App.1973).

The requirements of Article 38.22, supra, are mandatory and require the trial court to file its findings regardless of whether the defendant does or does not object. *McKittrick v. State,* supra, at p. 874; *Simpson v. State,* 603 S.W.2d 862 (Tex.Cr.App.1980).

▮ This court is often faced with appeals where the trial court has made no findings as to the voluntariness of the confession at all, see, e.g., *Davis v. State,* supra, and *Figueroa v. State,* 473 S.W.2d 202 (Tex. Cr.App.1971); *Simpson v. State,* 603 S.W.2d 862 (Tex.Cr.App.1980), or where the findings are insufficient to enable this court to resolve the fact issues upon which the appellant bases his ground of error. See, e.g., *McKittrick v. State,* supra; *Hester v. State,* 535 S.W.2d 354 (Tex.Cr.App.1976); *Quinn v. State,* 558 S.W.2d 10 (Tex.Cr.App.1977).

In *Hester,* supra, this court stated:

"While the cold record is before us in its entirety, it remains but a cold record. It is the trial court that is charged with finding the facts and applying the law. Art. 38.22, Sec. 2, V.A.C.C.P., requires the trial court to enter an order stating its findings. On appeal challenges to the

trial court's ruling generally should be directed to whether the trial court abused its discretion in one of its findings of fact or to whether the trial court properly applied the law to those facts found by it. This Court is not the proper forum for the initial fact-finding process, but should restrict its review of the facts to any issues raised in challenge to the trial court's findings. Without adequate findings of fact this Court is much handicapped in its review upon appeal of the trial court's ruling, because it lacks an adequate record of the basis for that ruling. . . ."

One purpose for requiring the trial judge to enter his order as to findings of fact and conclusions of law is to make the record reflect for the parties and for possible appellate review the basis of the ruling.

The oral statement of the court in the instant case is not in compliance with Article 38.22, supra, and does not resolve the disputed fact issues upon one of the grounds of error urged in this case. In the condition of the present record, this court is unable to review one of appellant's contentions on appeal.

In the instant case we abate the appeal and direct the trial judge to reduce to writing his findings of fact and conclusions of law on the disputed fact issues surrounding the taking of appellant's confession [2] and to file such findings and conclusions with this court. See *Bonham v. State,* 644 S.W.2d 5 (Tex.Cr.App.1983).

The appeal is abated.

---

**2.** The disputed fact issues mentioned earlier are not to be taken as exclusive. There well may

be other issues to be resolved.