**Heriberto GARCIA, Appellant,**

v.

**The STATE of Texas.**

No. 064–99.

Court of Criminal Appeals of Texas, En Banc.

March 29, 2000.

**534**

Eric Willard, Plainview, for appellant.

Robert W. Kinkaid, Jr., Asst. Dist. Atty., Plainview, Matthew Paul, State's Atty., Austin, for State.

## O P I N I O N

JOHNSON, J., delivered the opinion of the Court, in which MEYERS, PRICE, HOLLAND and WOMACK, J.J., joined.

A jury convicted appellant of delivery of cocaine, and assessed his punishment at two years imprisonment and a $10,000 fine. The fine and sentence were suspended, and appellant was placed on four years probation.

Appellant challenged the admission of a confession he allegedly made during custodial interrogation, on the grounds that the statement was involuntary. A hearing was

held and testimony was taken to determine the voluntariness of the statement. The trial court then determined that the statement was not involuntary. The statement was subsequently admitted at trial.

On appeal, the parties agreed that although the trial court determined that appellant's statement was voluntarily made, the trial court failed to reduce its findings to a written order. The Court of Appeals abated the appeal and remanded the cause to the trial court, for compliance with Tex. Code Crim. Proc. art. 38.22, § 6.[1] *Garcia v. State*, No. 07–97–0008–CR, slip op. at 1–2, 1998 WL 175513 at *1 (Tex.App.—Amarillo April 14, 1998) (order to abate appeal) (not designated for publication). Apparently realizing that the trial judge to whom the cause was being remanded was not the same as the trial judge who held the hearing on the motion to suppress, the Court of Appeals noted that "the regular judge of a district court generally has the power to review orders made by a predecessor judge." *Id.* at 2, 1998 WL 175513, at *1.

Following return from remand, the Court of Appeals affirmed the conviction. *Garcia v. State*, No. 07–97–0008–CR, 1998 WL 675869 (Tex.App.—Amarillo October 1, 1998) (not designated for publication), On motion for rehearing, it addressed appellant's contention that "another judge was not authorized to make findings of fact and conclusions of law from an earlier hearing presided over by a former judge." *Garcia v. State*, No. 07–97–0008–CR, slip op. at 2, 1998 WL 842290 (Tex.App.— Amarillo December 8, 1998) (on motion for rehearing) (not designated for publication). In overruling the motion for rehearing, it relied on *Bass v. State*, 626 S.W.2d 769 (Tex.Crim.App.1982), and concluded "that

1.  Art. 38.22, § 6 provides in relevant part:
    In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. *If the statement has been found to have been voluntarily made and held admissible as a matter of law and*

*fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause . . . .*
(Emphasis added.)

a second judge could make his determination of the voluntariness of appellant's confession based upon the evidence presented at the earlier hearing. The second judge could read the record and make or adopt the findings of the first judge without the necessity of a second hearing." *Garcia,* slip op. at 3, 1998 WL 842290 at *1 (on motion for rehearing).

■ We granted appellant's petition for discretionary review to determine "whether appellant was entitled to remand for a new suppression hearing or new trial" and "whether the appellant's statement was inadmissible at trial and should have been suppressed." We will reverse and remand.

■ The determination of whether a statement is voluntary is a mixed question of law and fact, i.e., an application of law to a fact question. *See* art. 38.22, § 6 (if trial court finds that statement is voluntary and thus admissible, court must enter an order stating its legal conclusion, along with specific finding of facts upon which conclusion was based). In the instant case, the trial court held a hearing pursuant to appellant's motion to suppress his statement on the basis that it was involuntary. At the hearing, testimony was taken from Abdon Rodriguez, the police officer who took appellant's confession, and from appellant. Thus, the trial court's conclusion that appellant's statement was voluntary was based on a direct evaluation of the witnesses' credibility and demeanor.

■ Recently, we stated that "appellate courts ... should afford [almost total] deference to trial courts' rulings on 'application of law to fact questions,' also known as 'mixed questions of law and fact,' if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor." *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997). This is the proper standard of review because the trial judge viewing the witnesses and hearing their testimony is in a better position to

evaluate their credibility and demeanor than is an appellate judge who must rely on only a written transcript of the hearing. *See id.* at 87. For the same reason, it is not appropriate for the second judge in the instant case to make findings of fact based solely on the written transcript of the initial hearing. It is inconsistent to restrict an appellate court's review of such findings because it has nothing to review but a "cold" record, yet allow a trial judge to make such findings based on nothing but that same "cold" record.

*Bass v. State, supra,* relied upon by the Court of Appeals, is distinguishable from the instant case. In *Bass,* the defendant was originally convicted of murder, but this conviction was reversed on appeal. *Bass,* 626 S.W.2d at 770. On retrial, he was again convicted. *Id.* He complained on appeal that the trial judge in the second trial erred in allowing into evidence his confession without holding a hearing on the voluntariness of the confession. *Id.*

During the first trial, the trial judge held a hearing, pursuant to *Jackson v. Denno* [2] and art. 38.22, to determine the voluntariness of the defendant's confession. He entered findings of fact and conclusions of law as to the voluntariness of the confession. *Id.* At the second trial, conducted by a different trial judge, that judge found the confession to be voluntary and admissible, and made findings of fact and conclusions of law based upon both the court reporter's notes at the original *Jackson v. Denno* hearing and the first trial judge's findings of fact. *Id.* at 771. We abated the appeal so that the record could be supplemented with the transcript of the hearing at the first trial and the first trial judge's findings of fact and conclusions of law. *Id.* In doing so, we stated that

[w]hen evidence on this issue has already been presented outside the presence of the jury, and *the judge who heard the evidence has filed findings of fact and conclusions of law,* the judge

---

**2.** *See Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

presiding at trial may reconsider that evidence and those findings and conclusions in determining the voluntariness of the confession, or he may order that a new hearing be held, in his discretion. If he chooses not to hold a new hearing, and neither the State nor the defendant has new evidence to present on the issue, he shall enter an order stating his findings and conclusions and file it among the papers of the cause. He shall also include among the papers of the cause the evidence previously submitted on the issue and the findings and conclusions of the judge who heard the evidence.

*Id.* at 773 (emphasis added).

■ As this statement makes clear, it was permissible for the second trial judge in *Bass* to decline to hold a hearing on the voluntariness of the confession because such a hearing had already been held and findings of fact and conclusions of law had previously been entered by the trial judge who presided over that hearing. That is, both the second trial judge and the appellate court could rely on written findings of fact and conclusions of law made by the judge who presided over the hearing and evaluated the credibility and demeanor of the witnesses. In the instant case, however, an order containing such an evaluation

does not exist, and the only order which does exist was not based on a direct evaluation of the credibility and demeanor of the witnesses by the judge who made the written findings. Thus, *Bass* not only fails to support the Court of Appeals decision in the instant case, it supports the opposite conclusion—that appellant was entitled to a new hearing on the voluntariness of his statement.[3]

■ The legislature has specifically authorized "paper hearings" in a limited number of contexts.[4] That the legislature has used language which specifically authorizes such a procedure in one specific setting (e.g., habeas hearings pursuant to TEX.CODE CRIM. PROC. art. 11.07), but has omitted such language in another (e.g., hearings pursuant to TEX.CODE CRIM. PROC. art. 38.22), suggests that the legislature did not intend for such a procedure to be used in the latter setting; if the legislature had so intended, it would likely have said so specifically, as it did in the former setting. The legislature did not use language permitting use of affidavits in TEX. CODE CRIM. PROC. art. 38.22, and, therefore, we must assume that "paper hearings" are not approved in that setting.

■ Appellant's first ground for review is sustained.[5] The judgment of the

3. The dissent argues that a trial judge should be able to make findings based upon a "cold" record because "it is no different from a trial judge, in the first instance, making findings of fact based upon affidavits." *Post*, at 539 (Keasler, J., dissenting). If the first judge in the instant case had made written findings of fact and conclusions of law or had used only written evidence to make his ruling, the dissent's rationale might be persuasive. These are not the facts presented to this court, however. The first trial judge concluded, *based on live testimony*, that appellant's statement was voluntary but made no written findings of fact and conclusions of law. (S.F., vol. II, at 85–106.)

The dissent also equates the transcription of live, sworn testimony with an affidavit. *Post*, at 539 (Keasler, J., dissenting). However, the two are not the same. While the latter is a complete statement in and of itself, the same cannot be said for the former; the credibility

of the witness through his/her demeanor on the stand is crucial to an evaluation of live testimony.

4. *See, e.g.,* TEX.CODE CRIM. PROC. art. 11.07, § 3(d) ("To resolve [the designated] issues [of fact] the court may order affidavits, depositions, interrogatories, and hearings, as well as using personal recollection").

5. The dissent argues that *Wicker v. State*, 740 S.W.2d 779, 783 (Tex.Crim.App.1987), *cert. denied*, 485 U.S. 938, 108 S.Ct. 1117, 99 L.Ed.2d 278 (1988), should be overruled and appellant should be held to have waived error, based on his failure to object to the trial court's failure to make written findings of fact and conclusions of law. *Post*, at 537–39 (Keasler, J., dissenting). However, we have no jurisdiction to take such action.

This court's jurisdiction is limited to review of decisions by the courts of appeals. *See*

Court of Appeals is reversed, and the cause is remanded there for proceedings consistent with this opinion.[6]

McCORMICK, P.J., dissented.

KEASLER, J., filed a dissenting opinion, in which MANSFIELD, J., joined, and KELLER, J., joined as to Part I.

KEASLER, J., delivered this dissenting opinion, in which MANSFIELD, J., joined, and KELLER, J., joined as to Part I.

I would hold that Garcia waived any error in the trial court's failure to file written findings of fact pursuant to Article 38.22, § 6. Even if Garcia had not waived error, I would hold that there is nothing wrong with one judge making findings based upon a hearing conducted by another judge.

## I. Failure to Preserve Error

The court of appeals initially concluded, in an order to abate the appeal, that Art. 38.22 is "a mandatory rule that applies even in the absence of an appellate objec-

tion and is not susceptible to waiver." [1] The court of appeals cited *Wicker v. State* [2] for this proposition. It is true that we held in *Wicker* that compliance with Art. 38.22, § 6, is required "whether or not the defendant objects to the absence" of written findings.[3] But that holding is questionable for several reasons.

First, nearly all of the opinions which contain this proclamation fail to contain any analysis whatsoever as to *why* an objection is not required.[4] The cases simply cite each other for the rule.[5] Many of the cases cite *McKittrick v. State*, which relied on *Hester v. State*[6] and *Davis v. State*.[7] But neither *Hester* nor *Davis* supports the *Wicker* rule.

In *Hester*, there was no mention one way or the other about whether the defendant objected to the trial court's failure to make written findings of fact. Instead, we simply determined that Art. 38.22, § 6, is a mandatory statute, and we abated the appeal for the trial court to comply with the statute.[8] Since there is no discussion of

TEX.R.APP. P. 66.1 ("The Court of Criminal Appeals may review a court of appeals' decision in a criminal case on its own initiative under Rule 67 or on the petition of a party under Rule 68"). While *Wicker* and the failure to object were implicated in the court of appeals' decision of April 14, 1998, we do not review that decision today. Instead, the court of appeals' decision before us today, from December 8, 1998, concerns only whether the court of appeals was correct in deciding that those findings of fact and conclusions of law could be made by a judge who did not preside at the earlier hearing on the voluntariness of appellant's confession, based upon the "cold" record of that hearing. Therefore, the issues of the continuing validity of *Wicker* and appellant's failure to object to the lack of written findings of fact and conclusions of law are not before us now.

6. Based on our disposition of appellant's first ground for review, we find it unnecessary to review his second ground. Therefore, this ground is dismissed.

1. *Garcia v. State*, No. 07–97–0008–CR, 1998 WL 175513 (Tex.App.—Amarillo April 14, 1998) (order to abate appeal).

2. 740 S.W.2d 779, 783 (Tex.Crim.App.1987).

3. *Ibid.*

4. *Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim.App.1995); *Wicker, supra; Bonham v. State*, 644 S.W.2d 5, 8 (Tex.Crim.App.1983); *Dykes v. State*, 649 S.W.2d 633, 636 (Tex. Crim.App.1983); *Simpson v. State*, 603 S.W.2d 862, 865 (Tex.Crim.App.1980); *McKittrick v. State*, 535 S.W.2d 873, 876 (Tex. Crim.App.1976).

5. *Green* (citing *Bonham*, *McKittrick* and *Davis* ); *Wicker* (citing *McKittrick* and *Dykes* ); *Bonham* (citing *McKittrick*, *Davis* and *Simpson* ); *Dykes* (citing *McKittrick* and *Simpson* ); *Simpson* (citing *McKittrick*, *Davis* and *Hester*); *McKittrick* (citing *Hester* and *Davis* ).

6. 535 S.W.2d 354 (Tex.Crim.App.1976).

7. 499 S.W.2d 303, 304–06 (Tex.Crim.App. 1973).

8. *Hester*, 535 S.W.2d at 356.

whether an objection was made or whether the statute must be complied with in the absence of an objection, *Hester* cannot support the *Wicker* rule. Obviously, merely labeling the statute "mandatory" does not resolve the issue, because even "mandatory" requirements can be waived by the failure of the defendant to object.[9]

*Davis* does not support the *Wicker* rule either. In *Davis*, not only were there no findings of fact by the trial judge, there was also no indication whether the trial court ruled on the voluntariness of the confession at all. We recognized that, pursuant to *Jackson v. Denno*,[10] there must be a "clear-cut and reliable determination in the first instance of the voluntariness of the written statement."[11] We did not mention whether the defendant objected, but even if he did not, *Davis* is inapplicable since that case involved a complete failure by the trial court to rule on the voluntariness of the statement.

Neither *Davis* nor *Hester* stands for the proposition that a trial court must make findings of fact pursuant to Art. 38.22, § 6, even when a defendant fails to request them or object to the lack of them. So all the following cases, which cite either *McKittrick, Hester,* or *Davis*, are not persuasive.

The *Wicker* rule is also questionable because it directly conflicts with more recent authority from this Court. In *Marin v. State*,[12] we explained that there are three types of rules, or rights, in our judicial system. In the first category are absolute, systemic requirements which must be complied with regardless of whether there is any request or objection.[13] This category, we explained, included few rights, but one example we used was jurisdiction. Regardless of any failure to object, if a trial court lacks jurisdiction, the conviction cannot stand.[14] In the second category are rules which must be implemented unless expressly waived.[15] This category includes some constitutional rights, like the right to counsel.[16] Finally, the third category includes rules which must be implemented upon request. This third category contains most of "the myriad evidentiary and procedural rules comprising our system."[17]

The *Wicker* rule would put compliance with Art. 38.22, § 6, into the first *Marin* category, labeling it an absolute, systemic requirement. But this makes little sense. There is nothing absolute or systemic about a trial court making written findings of fact. The failure to make findings certainly does not deprive the trial court of jurisdiction.

Nor should compliance with Art. 38.22, § 6, fall into the second *Marin* category. It is true that the statute is designed to ensure that only voluntary confessions are admitted at trial. Indeed, we indicated in *Davis* that the failure to comply with this statute also constituted a constitutional violation.[18] But the Supreme Court has held otherwise. That Court has recognized that *Jackson v. Denno* requires only that the judge's conclusion as to voluntariness "appear from the record with unmistakable clarity."[19] The Court has specifically

---

9. *See, e.g., Grant v. State,* 970 S.W.2d 22, 23 (Tex.Crim.App.1998) (missing element of offense required to be in indictment waived by failure to object); *Baker v. State,* 956 S.W.2d 19, 24 (Tex.Crim.App.1997) (rule requiring motion for new trial to be heard within 75 days waived by failure to object).

10. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

11. *Davis,* 499 S.W.2d at 304–05.

12. 851 S.W.2d 275 (Tex.Crim.App.1993).

13. *Id.* at 279.

14. *Ibid.*

15. *Ibid.*

16. *Ibid.*

17. *Id.* at 278.

18. *Davis,* 499 S.W.2d at 305.

19. *Sims v. Georgia,* 385 U.S. 538, 544, 87 S.Ct. 639, 643, 17 L.Ed.2d 593 (1967).

stated that "the judge need not make formal findings of fact or write an opinion." [20] Based on the Supreme Court's own interpretation of *Jackson v. Denno*, making written findings of fact is not even a constitutional requirement, such that it might fall within the second *Marin* category.

There seems little doubt that filing written findings of fact pursuant to Art. 38.22, § 6, falls within the third *Marin* category. It is simply a procedural rule designed to ensure that only voluntary confessions are admitted at trial. Procedural rules designed to protect constitutional rights are not themselves constitutional rights.[21] As a result, Garcia waived the right by not requesting written findings of fact or objecting to the trial court's failure to issue them.

The majority states that we have no jurisdiction to consider Garcia's failure to object because the court of appeals only addressed the mandatory nature of Art. 38.22, § 6, in its order to abate the appeal.[22] I disagree. Garcia argues before the Court today that a second judge was not permitted to make findings of fact based on the original hearing. Our first opportunity to consider whether Garcia has preserved error is in today's opinion. I would hold that Garcia waived his claim by failing to object to the first judge's failure to make findings.

## II. The Merits

On the merits, the majority holds that "it was not appropriate for the second judge in the instant case to make findings of fact based solely on the written transcript of the initial hearing." [23] I disagree.

The statute requires only that the court conduct a "hearing." [24] It does not mandate that the hearing consist of live witnesses. It is clear that hearings in other contexts may be by way of affidavit, rather than live witnesses.[25] Though we have never, to my knowledge, considered whether a hearing pursuant to Art. 38.22, § 6, may be by affidavit, I see no reason to reach a contrary conclusion in this context.

That said, I have no difficulty concluding that a second trial judge may make findings based upon a "cold" record. In such a case, it is no different from a trial judge, in the first instance, making findings of fact based upon affidavits. In either case, the judge making the findings is reviewing written statements of sworn witnesses. Whether we, as judges, find this situation appropriate is not relevant, as the legislature has already indicated its approval of "paper" hearings in other contexts.

## III. Conclusion

I would affirm the judgment of the court of appeals on these grounds. Because the majority does not do so, I dissent.

**20.** *Ibid.*

**21.** *See Ex parte Tovar*, 901 S.W.2d 484, 486 (Tex.Crim.App.1995) (violation of Art. 26.13 statutory error, even though statute designed to protect constitutional right to voluntary guilty plea); *Ex parte Sadberry*, 864 S.W.2d 541, 543 (Tex.Crim.App.1993) (violation of Art. 1.13 statutory error, even though statute designed to protect constitutional right to trial by jury).

**22.** *Ante*, at 536 n.3.

**23.** *Ante*, at 535.

**24.** Art. 38.22, § 6.

**25.** Art. 11.07, § 3(d) (to resolve issues on habeas corpus, trial court may order "affidavits, depositions, interrogatories, and hearings"); Tex.R.App. P. 21.7 (court may receive evidence on a motion for new trial "by affidavit or otherwise").