Affirmed and Opinion filed December 31, 2002














Affirmed and
Opinion filed December 31, 2002.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-02-00452-CR

_______________

 

ELIAS JOSEPH
BUZAN, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

_______________________________________________________

 

On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 880,568

_______________________________________________________

 

O P I N I O N

            Elias Joseph Buzan
appeals a conviction for indecency with a child[1] on the
grounds that: (1) his confession was involuntary; (2) the evidence is legally
and factually insufficient to support the conviction; and (3) he received
ineffective assistance of counsel.  We
affirm.

 

 class=Section2>



Voluntariness of Confession

            Appellant’s first issue contends
that the trial court erred in admitting into evidence his confession that was
not voluntary because it was induced by: (1) a police officer’s promise that
appellant would receive probation if he confessed; or (2) the police officer’s
misrepresentation that appellant could receive probation, for which he was not
eligible due to his criminal history.

            In reviewing a trial court’s ruling
from a suppression hearing, we afford almost total deference to findings of
historical fact that are supported by the record and defer to application of
law to fact rulings if they turn on an evaluation of credibility and
demeanor.  Herron v. State, 86 S.W.3d 621, 627 (Tex. Crim. App. 2002).  We
apply a de novo review to rulings on mixed questions of law and fact that do
not turn on credibility and demeanor.  Corbin v. State, 85 S.W.3d 272, 276 (Tex. Crim. App. 2002). 
Whether a confession is voluntary is a mixed question of law and fact, i.e., an application of law to fact
question.  Garcia v. State, 15 S.W.3d 533, 535 (Tex. Crim. App. 2000).

            A confession is involuntary or
coerced if the totality of the circumstances demonstrates that the confessor
did not make the decision to confess of his own free will.  Green
v. State, 934 S.W.2d 92, 99 (Tex. Crim. App.
1996).  A misrepresentation made by
police to a suspect during an interrogation is relevant in assessing whether
the suspect's confession was voluntary, but it is insufficient to render an
otherwise voluntary confession inadmissible. 
Id.  The misrepresentation must be viewed in the
context of the totality of the circumstances. 
Id.  Some types of police deception employed
during custodial interrogation to elicit a confession from the accused are
constitutionally permissible.  Id.  The focus is on whether the law enforcement
official’s behavior was enough to overbear the will of the accused and bring
about a confession not freely determined. 
Id. at 99-100.[2]

            In this case, appellant testified
that the police officer told him that he would get probation if he
confessed.  Conversely, the police
officer testified that he told appellant there was a wide range of punishment,
including jail time or probation, and that it would be up to the judge and jury
to decide what would happen.  Thus,
although there is conflicting testimony, the record supports the trial court’s
finding that the police made no threats or promises to induce appellant’s
confession.

            On appellant’s alternative ground,
the trial court made no finding as to whether the police officer’s statement
regarding the range of punishment was a misrepresentation or, if so, whether it
was sufficient to render the confession involuntary.  However, the testimony supports a conclusion
that the officer’s statement pertained only to the punishment applicable to the
offense generally and not to the particular circumstances of appellant’s
criminal history (which the record does not reflect whether the police officer
even knew at the time of the conversation). 
Taken in that context, the officer’s statement was not a
misrepresentation.  Accordingly,
appellant’s first issue fails to demonstrate error in denying the motion to
suppress, and it is overruled.

Sufficiency of the Evidence

            Appellant’s second issue contends
that the evidence is legally and factually insufficient to support the
conviction because “[t]here was no medical evidence presented in this case to
verify the allegation against appellant. 
This case was much [too] serious to convict appellant based upon the
brief testimony of the complainant.” 
However, in support of this contention appellant: (1) fails to specify
on which element(s) of the offense the evidence, including the complainant’s
testimony, was either inadequate or greatly outweighed by contrary evidence;
(2) cites no authority requiring medical evidence to sustain a conviction for
indecency with a child; and (3) cites no evidence suggesting that the contact
alleged in this case was even of a type that would produce medically
discernable evidence.  Under these
circumstances, appellant’s second issue fails to afford a basis for relief and
is overruled.

 class=Section3>

Ineffective Assistance of Counsel

            Appellant’s third issue contends
that he received ineffective assistance of counsel when his trial attorney
“opened the door” to the admission of evidence of a prior act of misconduct
during counsel’s direct examination of appellant’s father:

Q.        I may have
already asked this, but have you heard of any misconduct between him and any
children there in the park or anywhere else?

A.        No, I
haven’t.  No.  I can tell just all of a sudden I heard that
he had done – had something to do with it. 
I said well, I don’t believe it because – well, I got to have something
to go on to believe it, you know.  That’s
all I’ve heard.

            The prosecutor subsequently asked
the trial court to: (1) cross-examine this witness on whether he knew of an
allegation of sexual misconduct made against appellant by another child in the
trailer park; and (2) put that complainant on the witness stand.  During the same bench conference, defense
counsel acknowledged that he had opened the door to such rebuttal evidence.

            To prevail on a claim of ineffective
assistance, an appellant must show that: (1) his counsel’s performance was
deficient, i.e., it fell below the
objective standard of professional norms; and (2) this deficient performance
prejudiced his defense, i.e., there
is a reasonable probability that, but for his counsel’s unprofessional errors,
the result of the proceeding would have been different.  Strickland
v. Washington, 466 U.S. 668, 687
(1984).  To be sustained, an allegation
of ineffective assistance must be firmly and affirmatively demonstrated by the
record.  Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002).  A
court need not determine whether counsel’s performance was deficient if the
ineffectiveness claim fails for lack of prejudice.  Strickland,
466 U.S. at 697.

            In this case, appellant contends
that, but for his trial counsel’s mistake, the jury would not have known of
appellant’s alleged prior misconduct with the other child and that the
testimony resulting from this error was devastating.  However, appellant cites no portion of 

 class=Section4>

the record
where any such testimony can be found. 
Rather, when the prosecutor asked each of appellant’s two witnesses
whether they had heard about any sexual misconduct by appellant with another
child, both indicated they had not; and the fourteen-year-old complainant in
the extraneous incident did not testify during the guilt/innocence phase of
trial.  Under these circumstances,
appellant has not demonstrated a reasonable probability that, but for his
counsel’s opening the door to questions, but not testimony, regarding
extraneous conduct, the result of the proceeding would have been
different.  Accordingly, appellant’s
third issue is overruled, and the judgment of the trial
court is affirmed.

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Opinion filed December
 31, 2002.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.3(b).

 











[1]           A jury found appellant guilty and
sentenced him to 25 years confinement. 
Although the second page of the judgment is stamped, “Appeal
waived.  No permission to appeal
granted,” we find nothing in the record reflecting an actual waiver of appeal
by appellant, and the State does not contend that appellant waived his right to
appeal.  Nor would permission to appeal
be relevant in the absence of a plea of guilty or nolo
contendere.  See Tex.
R. App. P. 25.2(b)(3)(C).





[2]           Thus, for example, police
statements to a suspect that she will lose her welfare benefits and custody of
her children if she does not confess are enough to render her confession
involuntary; but police statements inflating the evidence of a suspect’s guilt,
even intentionally misinforming him that there is an eyewitness to the offense,
are not so coercive as to overbear his free will.  See
Green, 934 S.W.2d at 100-01.