**AFFIRM and Opinion Filed February 19, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-00260-CR

**ERIC LEWIS HAYES, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-51211-W**

## OPINION

Before Justices O'Neill, FitzGerald and Lang-Miers
Opinion by Justice FitzGerald

A jury convicted appellant Eric Lewis Hayes of the second-degree felony of burglary of a habitation, and the trial judge sentenced him to forty years in prison. Appellant raises six points of error on appeal. We affirm.

### I. BACKGROUND

The evidence at trial supported the following facts. Dallas police officers responded to a residential burglary alarm on the morning of January 15, 2010. They arrived at the house at about 10:50 a.m. There they found a rear window pried open, the rear door open, and no one inside the house. The homeowner, Mike Stroud, arrived later and informed the police officers that he had not left the window open and that a laptop computer was missing.

At about 11:00 a.m. that same day, police officer Tommy Bailey was on patrol looking for a "car of interest" in a particular Dallas neighborhood. He saw a car matching the description of the car he was looking for, and he saw appellant driving that car with another person inside. He ran the license plate and learned that it was stolen vehicle. He asked for assistance from other officers, but he lost contact with the vehicle. Shortly thereafter, other officers located and stopped the car, and Bailey went to the scene and confirmed it was the same car with the same driver, appellant. The two people in the car were taken into custody, and a computer was found in the back seat. The police quickly identified the computer as Stroud's computer.

Appellant was questioned by the police at the police station, and he signed a statement acknowledging that he had broken into a house and stolen a computer. He was indicted for burglary of a habitation, and he pleaded not guilty. At appellant's jury trial, the trial judge conducted a hearing outside the presence of the jury regarding the admissibility of appellant's signed confession. After the hearing, the judge admitted the confession into evidence over appellant's objection that the statement was not voluntary. The jury found him guilty. Appellant elected to have his punishment determined by the trial judge, who sentenced him to forty years in prison.

## II. ANALYSIS

### A. Admission of appellant's written statement

In his first point of error, appellant contends that the trial judge erred by admitting his signed confession into evidence over appellant's objection. He argues that his confession was not voluntary because he was not properly warned about his rights. We review the trial judge's determination as to the voluntariness of a confession under an abuse-of-discretion standard. *Delao v. State*, 235 S.W.3d 235, 238 (Tex. Crim. App. 2007). In appellant's second point of error, he contends that the trial judge erred by failing to make an order containing findings of fact

2

on the issue of the voluntariness of his statement to the police. We abated the appeal, and the trial judge made written findings of fact that have been forwarded to us in a supplemental clerk's record. *See Dykes v. State*, 649 S.W.2d 633 (Tex. Crim. App. 1983) (en banc) (following this procedure). Appellant's second point of error is now moot.

The evidence developed during the admissibility hearing outside the presence of the jury showed the following. After appellant was arrested and while he was in custody, he was placed in an interview room at a police station. Police detective Eric Keller went into the room, introduced himself, and gave appellant his *Miranda*[1] warnings. Appellant said that he understood his rights and agreed to speak with Keller, and Keller asked him questions about the stolen car for about ten or fifteen minutes. Keller did not obtain any statements from appellant about the offense Keller was investigating, and no recording of that interview was made. Keller left the room, and a short time later detective Jack Harrison went into the interview room to interview appellant about the burglary case. Keller testified that Harrison went into the interview room "probably less than 30 minutes" after Keller finished; Harrison testified that he went in "[p]robably within ten minutes" after Keller finished. Harrison asked appellant if he had been advised of his rights, and appellant said that he had. Harrison then asked appellant if he understood his rights, and appellant said he did. Then Harrison started discussing the burglary case with him, and he was in the room with appellant for about thirty minutes. Appellant "verbally" admitted the offense, and he agreed to give Harrison a statement. Harrison used a pre-printed form entitled "VOLUNTARY STATEMENT" to take appellant's statement. The pre-printed part of the form included the warnings required by article 38.22 of the code of criminal procedure, and Harrison read those warnings to appellant. Appellant agreed to waive

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

3

his rights and give a statement. After that, Harrison asked appellant if he wanted to write the statement himself or if he wanted Harrison to write it. Appellant said Harrison could write it for him, and Harrison wrote appellant's statement about the burglary on the form. Appellant read the statement, and he signed the statement in the presence of Harrison and another officer who was brought in to witness the signature.[2]

Appellant's complaint in the trial court and on appeal is that Harrison did not re-read the *Miranda* warnings to appellant at the beginning of his interview. Appellant relies on *Moon v. State*, 607 S.W.2d 569 (Tex. Crim. App. [Panel Op.] 1980), in which the court held that a confession was voluntary and admissible under the code of criminal procedure when two police officers were present immediately after the appellant's arrest, one officer gave the appellant his *Miranda* warnings, and the other officer asked the question that elicited the appellant's admission. *Id*. at 572. Appellant extrapolates that because Harrison was not present when Keller advised appellant of his *Miranda* rights, everything that transpired during Harrison's interview was involuntary and inadmissible, including the written statement appellant signed. We note that *Miranda* and article 38.22 of the code of criminal procedure are separate theories of involuntariness and inadmissibility. *See Oursbourn v. State*, 259 S.W.3d 159, 169 (Tex. Crim. App. 2008) (listing three such theories, including due process as well as *Miranda* and article 38.22). It is not clear from his brief whether appellant relies on article 38.22, *Miranda*, or both, so we will analyze his point of error under both standards.

1. ***Miranda***

Under *Miranda*, an accused who is in custody must be given the required warnings prior to questioning. *Jones v. State*, 119 S.W.3d 766, 772 (Tex. Crim. App. 2003). The failure to do

---

[2] The trial judge found that appellant signed the statement and that the face of the statement reflects that appellant received the warnings required by sections 1 and 2(a) of article 38.22 of the code of criminal procedure.

4

so results in forfeiture of the use of any statement obtained during that interrogation by the prosecution during its case-in-chief. *Id.*; *accord Carter v. State*, 309 S.W.3d 31, 35–36 (Tex. Crim. App. 2010) ("Failure to provide the warnings and obtain a waiver prior to custodial questioning generally requires exclusion of statements obtained.") (footnote omitted). Many cases address the situation in which a suspect is warned about his *Miranda* rights, a break in the questioning occurs, and then questioning resumes without administration of new *Miranda* warnings. If, in the totality of the circumstances, the second interview is essentially a continuation of the first, the *Miranda* warnings remain effective as to admissions made during the second interview. *See, e.g.*, *Bible v. State*, 162 S.W.3d 234, 241–42 (Tex. Crim. App. 2005); *Stallings v. State*, No. 09-09-00200-CR, 2010 WL 2347244, at *2–3 (Tex. App.—Beaumont June 9, 2010, pet. ref'd) (mem. op., not designated for publication); *Spears v. State*, No. 05-06-00691-CR, 2007 WL 2447233, at *3–4 (Tex. App.—Dallas Aug. 30, 2007, no pet.) (not designated for publication); *see also United States v. Edwards*, 581 F.3d 604, 607 (7th Cir. 2009) ("The cases do not require that the warnings be repeated after an interruption in the questioning . . . ."); *United States v. Ferrer-Montoya*, 483 F.3d 565, 569–70 (8th Cir. 2007) (holding that new interviewers did not need to repeat *Miranda* warnings given an hour earlier). In assessing the continued effectiveness of the *Miranda* warnings, courts consider factors such as (1) the passage of time, (2) whether the interrogations are conducted by different people, (3) whether the interrogations relate to different offenses, and (4) whether the second interviewer asks the suspect if he received the warnings earlier, if he remembers the warnings, and if he wishes to invoke his rights. *See Bible*, 162 S.W.3d at 242. The court of criminal appeals has held that a break of as much as six to eight hours does not necessarily negate the effectiveness of *Miranda* warnings. *See Ex parte Bagley*, 509 S.W.2d 332, 337–38 (Tex. Crim. App. 1974).

In this case, appellant was given the *Miranda* warnings by Keller, was questioned for about ten or fifteen minutes, and was left alone for a time that may have approached thirty minutes. Then Harrison went into the interview room, verified that appellant had been read his rights, questioned him about a different offense for about thirty minutes, obtained appellant's oral admission, re-read appellant his *Miranda* rights, and then wrote a written confession for appellant and obtained his signature. Thus, less than ninety minutes elapsed between the time appellant was initially read his rights and his confession. Although different officers conducted the two interviews, and the crimes they inquired about were different, the duration of the break in questioning was less than thirty minutes, and Harrison verified that appellant had been read his rights before he began his interview. Moreover, the evidence indicates that appellant remained in custody and in the same interview room throughout the two sessions of questioning and the intervening break. Under the totality of the circumstances, we conclude that the two sessions of questioning were essentially a single interview for *Miranda* purposes, and Keller's *Miranda* warnings to appellant were still effective during Harrison's interview.[3] Thus, the trial judge did not abuse her discretion by overruling appellant's objection to the extent it was based on *Miranda*.

### 3. Statutory requirements

We next address the statutory test. Article 38.21 of the code of criminal procedure provides that the statement of an accused may be used in evidence against him "if it appears that the same was freely and voluntarily made without compulsion or persuasion, under the rules hereafter prescribed." TEX. CODE CRIM. PROC. ANN. art. 38.21 (West 2005). Under article 38.22, a written statement made by an accused as the result of a custodial interrogation is not admissible against him unless it is shown on the face of the statement (1) that he received several

---

[3] The trial judge found that the facts of this case did not render appellant's decision to speak with detective Harrison involuntary.

6

specified warnings "from the person to whom the statement is made," and (2) that the accused knowingly, intelligently, and voluntarily waived the rights set forth in the statutory warnings. *Id*. art. 38.22, § 2(a)–(b) (West 2005). The warnings required by the statute are virtually identical to the warnings required by *Miranda*, except that the statute requires an additional warning that the accused has the right to terminate an interview at any time. *Ervin v. State*, 333 S.W.3d 187, 204 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd), *cert. denied*, 131 S. Ct. 2992 (2011).

We conclude the trial judge did not abuse her discretion by admitting appellant's written statement under the statutory rules. The pre-printed portion of the statement included all the statutory warnings required by section 2(a) of article 38.22, and it also included an averment that the accused knowingly, intelligently, and voluntarily waived his rights as required by section 2(b). Harrison testified that he read the warnings to appellant before appellant began dictating his statement to Harrison. The State's compliance with article 38.22, section 2, was not negated by Harrison's prior interrogation of appellant or appellant's oral admission to Harrison. Factually, this case is similar to *Bailey v. State*, 281 S.W.3d 29, 35 (Tex. App.—El Paso 2005, no pet.). In that case, Bailey was suspected of sexually abusing a child. He took a polygraph test, and after the test was over he made three inadmissible statements admitting that he had inserted his finger into the child's vagina. *Id*. at 32–35. Then, after making these statements but less than four hours after the polygraph test started, Bailey made a written statement that complied with article 38.22. *Id*. at 35. The court of appeals held that the written statement given in compliance with article 38.22 was admissible even though Bailey gave it after he had made other voluntary but inadmissible statements. *Id*. at 35–36. Ordinarily, proof of compliance with section 2 of article 38.22 is enough to satisfy the State's burden on the issue of voluntariness, even if the accused previously made some voluntary statements that are inadmissible under statute. *Id*. at 36; *see also Dowthitt v. State*, 931 S.W.2d 244, 258 (Tex. Crim. App. 1996) ("Because a written

7

statement is not 'obtained' (because it is not admissible) until it is signed, giving the required warnings before the accused signs the statement meets the statutory requirements."). In the instant case, regardless of whether appellant's initial oral admission to Harrison was admissible, the State showed that it complied with article 38.22, section 2, with respect to the written statement. No other evidence exists to call the voluntariness of the written statement into question. The trial judge had a sufficient basis to conclude that the written statement was admissible under the statute.

For the foregoing reasons, we overrule appellant's first point of error.

## B.      Jury charge

In his third, fourth, and fifth points of error, appellant complains that the trial judge failed to give certain jury instructions about the voluntariness of his written statement. Appellant did not request any of these instructions in the trial court or object to their absence, so even if he shows error he is entitled to relief only if the error caused him egregious harm. *Oursbourn*, 259 S.W.3d at 174.

### 1.      Instruction under article 38.22, section 6

In point of error number three, appellant contends the trial judge should have given a jury instruction under article 38.22, section 6 of the code of criminal procedure. In essence, a section 6 instruction asks the jury, "Do you believe, beyond a reasonable doubt, that the defendant's statement was voluntarily made? If it was not, do not consider the defendant's confession." *Id*. at 173. The court of criminal appeals has explained that a defendant is entitled to a section 6 jury instruction only after the following sequence of events: (1) a party or the trial judge raises an issue about the voluntariness of a confession, (2) the judge holds a hearing outside the presence of the jury, (3) the judge decides whether the confession was voluntary, (4) if the judge decides the confession was voluntary, it will be admitted, and the parties may introduce evidence before

8

the jury to show that the confession was not voluntary, and (5) if such evidence is introduced, the trial judge shall give the jury the section 6 voluntariness instruction. *Id.* at 175; *accord King v. State*, No. 05-09-01037-CR, 2011 WL 184056, at *6 (Tex. App.—Dallas Jan. 21, 2011, pet. ref'd) (not designated for publication). If the defendant introduces no evidence of involuntariness before the jury, there is no error in failing to give a section 6 instruction. *Vasquez v. State*, 225 S.W.3d 541, 545–46 (Tex. Crim. App. 2007); *accord Lilly v. State*, No. 05-10-00348-CR, 2011 WL 6144917, at *4 (Tex. App.—Dallas Dec. 12, 2011, no pet.) (not designated for publication).

Appellant does not point to any specific evidence that was placed before the jury and that raised a fact issue as to the voluntariness of his statement; he states in a conclusory fashion that he challenged the voluntariness of the confession "during trial," followed by a citation to 27 pages of reporter's record. That part of the record reflects that detectives Keller and Harrison testified before the jury about their questioning of appellant, and that their testimony was consistent with the testimony they had previously given during the admissibility hearing outside the presence of the jury. *See* Part II.A *supra*. We have already concluded that the facts shown by this testimony show no violation of *Miranda* or the code of criminal procedure. *Id*. No evidence supports a conclusion that the circumstances "rendered him unable to make a voluntary statement." *Oursbourn*, 259 S.W.3d at 176. Because no evidence was placed before the jury indicating that appellant's statement was involuntary, the trial judge did not err by failing to give the jury a section 6 instruction. *See Lilly*, 2011 WL 6144917, at *4 (concluding trial judge did not err by failing to give section 6 instruction in the absence of evidence before the jury of involuntariness).

We overrule point of error number three.

9

## 2. Instruction under article 38.22, section 7

In his fourth point of error, appellant contends the trial judge should have given a jury instruction under article 38.22, section 7 of the code of criminal procedure. A section 7 instruction sets out the requirements of section 2 and 3 of article 38.22 and asks the jury if all of those requirements were met. *Oursbourn*, 259 S.W.3d at 173. The defendant is entitled to the instruction if he made his statement as the result of a custodial interrogation and the evidence raises an issue as to whether he was adequately warned of his rights and knowingly and intelligently waived them. *Id*. at 176.

Appellant cites no evidence tending to show that he was not adequately warned of his rights or did not knowingly and intelligently waive them. He makes the same conclusory assertion that he challenged the voluntariness of his confession during trial that he does in connection with point of error number three. The evidence before the jury shows no violation of sections 2 or 3 of article 38.22. Accordingly, the trial judge did not err by failing to give the jury a section 7 instruction. *See Aldaba v. State*, 382 S.W.3d 424, 430–31 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (rejecting section 7 complaint because no evidence warranted a section 7 instruction).

We overrule appellant's fourth point of error.

## 3. Instruction under article 38.23

In his fifth point of error, appellant argues that the trial judge should have given the jury an instruction under article 38.23(a) of the code of criminal procedure. That article provides:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence

was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). Three requirements must be met for a defendant to be entitled to an instruction under this provision: (1) evidence before the jury must raise an issue of fact, (2) the evidence on that fact must be affirmatively contested, and (3) the contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the statement claimed to be involuntary. *Oursbourn*, 259 S.W.3d at 177. "The defendant must offer evidence that, if credited, would create a reasonable doubt as to a specific factual matter essential to the voluntariness of the statement." *Id*. (footnote omitted). Normally, an article 38.23(a) instruction is required in conjunction with a confession only where an officer has used inherently coercive practices. *Id*. at 178. "If there is no disputed factual issue, the legality of the conduct is determined by the trial judge alone, as a question of law." *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007) (footnote omitted).

Appellant has not identified any disputed fact issue material to the lawfulness of the way in which his written statement was obtained, and our review of the record reveals no such disputed fact issue. The legality of the State's conduct in this case was a question of law for the trial judge to determine, and we have already concluded that the judge's determination was not erroneous.

We overrule appellant's fifth point of error.

## C.    Failure to exclude a witness for the State

In his sixth and final point of error, appellant argues that the trial judge should not have allowed detective Harrison to testify because the State provided a witness list that identified Harrison as "Marion Harrison" rather than as "Jack Harrison."

The record does not contain a court order requiring the State to furnish appellant with a witness list, nor does it contain the witness list itself. It does contain a pre-trial motion filed by

11

appellant on the day of voir dire in which appellant requested a list of the State's witnesses. Appellant's trial counsel stated on the record just before the venire was brought into the courtroom that the State had provided him with a list of witnesses. During voir dire, counsel purported to read the names on the witness list to the venire, and he asked if the members of the venire knew any of the people named. Those named included "Marion Harrison with the Dallas Police Department." The next day, the trial judge held the hearing on the admissibility of appellant's written statement, and, as previously mentioned, the State called detective Harrison as a witness. In his very first answer during direct examination, Harrison testified that his name was detective Jack Harrison. When appellant's counsel cross-examined Harrison, the witness again identified himself as "Jack Harrison." Counsel then asked, "[D]o you go by Marion?," to which the witness answered, "That's my first name. I usually go by Jack." Harrison then testified that most of the people in the police department know him as Jack rather than Marion. Counsel then objected to Harrison's testimony based on the fact that the witness list called him "Marion Harrison" and on the fact that counsel was not able to ask the jurors about "Jack Harrison." The judge overruled the objection. Counsel did not repeat his objection when the State called Harrison to testify before the jury.

"Notice of the State's witnesses shall be given upon request." *Martinez v. State*, 867 S.W.2d 30, 39 (Tex. Crim. App. 1993); *cf. Woods v. State*, No. 07-02-0192-CR, 2003 WL 1738399, at *1 & n.1 (Tex. App.—Amarillo Apr. 2, 2003, no pet.) (mem. op., not designated for publication) (noting that many cases stating this rule, including *Martinez*, involved a court order or an agreement of the parties requiring disclosure). If the judge allows testimony by a witness who does not appear on the State's witness list, we review that decision for abuse of discretion. *See Martinez*, 867 S.W.2d at 39. In our review we consider whether the State's conduct

12

constitutes bad faith and whether the defendant could have reasonably anticipated the testimony. *Id.*

We reject appellant's argument because the record does not show that the trial judge allowed an undisclosed witness to testify. The record does not contain the State's witness list, so we cannot tell with certainty whether detective Harrison was disclosed or not. Even if we can infer the contents of the witness list from the voir dire questions asked by appellant's trial counsel, those questions indicate that "Marion Harrison" of the Dallas Police Department was disclosed on that list, and detective Harrison testified that his first name is Marion and that he is a detective with the Dallas Police Department. Appellant cites no authority for the proposition that an accurate identification of a witness by first and last name is insufficient if it does not include nicknames or other names the witness is known by, and we have found none. There is nothing in the record to indicate that the apparent omission of the name "Jack" from the State's witness list made it more difficult for appellant or his counsel to locate detective Harrison had they wanted to do so. We conclude that the record does not support the threshold predicate for appellant's point of error—that the judge allowed testimony from a witness who did not appear on the State's witness list. Thus, we need not consider whether the judge abused her discretion by allowing detective Harrison to testify under the two factors set forth in *Martinez.*

We also conclude in the alternative that any error in allowing detective Harrison to testify was harmless. The question is whether the error affected appellant's substantial rights. *See* TEX. R. APP. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010) (footnote omitted). Appellant's only complaint in the trial court was that he did not get to ask the veniremembers whether they knew "Jack" Harrison. But appellant cites nothing in the record, and we have found nothing, indicating that anyone in the venire actually

knew detective Harrison. Accordingly, the record does not show that appellant's substantial rights were affected by the alleged error, and any error was harmless. *See Hardin v. State*, 20 S.W.3d 84, 89 (Tex. App.—Texarkana 2000, pet. ref'd) (noting that appellant failed to develop a record of harm, such as by asking the undisclosed witness outside the presence of the jury whether she knew any of the jurors).

We overrule appellant's sixth point of error.

### III. DISPOSITION

For the foregoing reasons, we affirm the trial court's judgment.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110260F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ERIC LEWIS HAYES, Appellant

No. 05-11-00260-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-51211-W.
Opinion delivered by Justice FitzGerald.
Justices O'Neill and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 19, 2013.

/Kerry P. FitzGerald/

KERRY P. FITZGERALD
JUSTICE