# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-02-00448-CR

**Simon Lee Riley, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
### NO. A-00-0232-S, HONORABLE RAE LEIFESTE, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Simon Lee Riley was charged with the offense of possession of marihuana in an amount between five and fifty pounds. *See* Tex. Pen. Code Ann. ' 481.121(a), (b)(4) (West Supp. 2003). Appellant filed a pretrial motion to suppress evidence contending that the marihuana was discovered during an invalid warrantless automobile search. Following a hearing, the district court overruled the motion. Appellant, reserving his right to appeal the court=s denial of the suppression motion, entered a plea of guilty, and the district court assessed punishment at twenty-five years= confinement.[1] Appellant contends in a single issue that the district court erred in denying his motion to suppress because there was no evidence of any

---

[1] The indictment alleged prior convictions which enhanced appellant=s punishment range to that of a habitual offender.

reasonable basis for the stop and no evidence of any exigent circumstances that justified the warrantless search. We will affirm the judgment of conviction.

## Background

The only witness to testify at the suppression hearing was Sergeant David Howard of the San Angelo police department. On December 17, 1999, Sergeant Howard, then a detective with the narcotics division of the San Angelo police department, received information from a confidential informant that, later in the day, Chris Hall and appellant would be bringing marihuana into San Angelo.[2] Detective Howard testified that he was familiar with appellant and began investigating him in the spring of 1999 because appellant was suspected of smuggling marihuana into San Angelo. The informant advised Detective Howard that appellant rented a black Dodge Durango and Chris Hall rented a green Tahoe from Enterprise Rent-A-Car, that Hall and appellant would be coming into San Angelo on the Mertzon Highway at a certain time, that Hall would be in the lead driving the green Tahoe, with appellant following him driving the black Dodge Durango which would contain marihuana. The informant also told Detective Howard that Hall would begin driving erratically if he saw any law enforcement vehicles in an attempt to draw attention away from appellant=s Durango carrying the marihuana.

---

[2] As a result of his participation in this incident, Chris Hall was convicted of the offense of possession of marihuana. Hall appealed his conviction to this Court, which reversed the conviction and rendered a judgment of acquittal. *See Hall v. State*, 86 S.W.3d 235 (Tex. App.CAustin 2002, pet. ref=d).

Detective Howard believed the informant was reliable and credible because he had worked with this informant previously on other investigations of suspects and illegal drug activities, and information provided by the informant in past instances proved true. Further, the information provided by the informant in this criminal drug investigation matched other information Detective Howard had received about appellant from other informants.

Detective Howard corroborated the informant=s information that Hall rented a green Tahoe and appellant rented a black Durango on the same day the informant said the rentals occurred by reviewing Enterprise Rent-A-Car records. After reviewing the rental car company=s records, Detective Howard drove to the Mertzon Highway at the time suggested by the informant and observed the green Tahoe and the black Durango with license numbers obtained from Enterprise driving toward San Angelo. Detective Howard crossed the median and pursued the green Tahoe. As he did so, and as the informant indicated would occur, the driver of the Tahoe began driving erratically. Detective Howard called for a marked patrol car to pull over the green Tahoe. While Detective Howard searched the Tahoe driven by Hall, the black Durango soon appeared and Detective Howard instructed a marked patrol car to stop the black Durango. As the informant indicated, appellant was driving the Durango. Officers searched the Durango, found twenty bundles of marihuana, and arrested appellant, who was the sole occupant of the truck.

Appellant moved to suppress the marihuana, contending that the warrantless search of the Durango and seizure of the marihuana found inside were unreasonable and violated the federal and state constitutions. Following a hearing, the district court denied appellant=s motion.

**Discussion**

The standard of review for a suppression ruling is a bifurcated review, giving almost total deference to the trial court=s findings of fact, or implied findings, but conducting a *de novo* review of the court=s application of search and seizure law to those facts. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000) (citing *Guzman v. State*, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997)).

At a motion to suppress hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Id*. at 855 (citing *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999)). Accordingly, the trial court may believe or disbelieve all or any part of a witness=s testimony, even if that testimony is not controverted. *Id.* (citing *Garcia v. State*, 15 S.W.3d 533, 535 (Tex. Crim. App. 2000)). The trial court observes first-hand the demeanor and appearance of a witness, as opposed to an appellate court which can only read the record. *Id.* When the trial court fails to make findings of fact, the appellate court views the evidence in the light most favorable to the trial court=s ruling and assumes that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record. *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). If the trial court=s decision is correct on any theory of law applicable to the case, the decision will be sustained. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

Appellant contends that there was Ano reliable evidence of any reasonable suspicion of criminal activity, and there was no connection between Hall=s behavior and appellant other than the innocent behavior of renting cars from the same [company] on the same date and traveling down the same highway.@ Appellant argues that the only basis upon which the State relied to support the stop of appellant=s Durango was Athe unsupported and unreliable anonymous tip that there might be marijuana somewhere in the

4

vehicle.@ Appellant argues that Detective Howard based his belief that appellant was engaged in criminal activity solely upon information Aprovided to him by an unidentified criminal who told [Detective] Howard that appellant rented a car, that he would be driving that car down a public highway and would be obeying all traffic laws.@

The State responds that based on the information provided by the confidential informant, portions of which police officers corroborated, together with other information the officers obtained in their criminal drug investigation, the officers had probable cause to believe that the black Durango contained marihuana. Therefore, the warrantless stop and search of the Durango was valid and a showing of exigent circumstances was not required. Consequently, the discovery of the marihuana was lawful.

The Fourth Amendment generally requires police to secure a warrant before conducting a search. *Maryland v. Dyson*, 527 U.S. 465, 466 (1999). An exception to this requirement exists for searches of vehicles. *Id.* (citing *Carroll v. United States*, 267 U.S. 132, 153 (1925)). A warrantless search of a vehicle stopped by police officers who had probable cause to believe the vehicle contained contraband is not unreasonable within the meaning of the Fourth Amendment. *United States v. Ross*, 456 U.S. 798, 799-800 (1982).

We review whether the officers had probable cause to believe that the Durango driven by appellant contained contraband. A[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.@ *Illinois v. Gates,* 462 U.S. 213, 245 n.14 (1983). A confidential anonymous tip, standing alone, does not constitute probable cause. *See State v. Steelman*, 93 S.W.3d 102, 109 (Tex. Crim. App. 2002). But, probable cause may arise from information supplied by

a confidential informant, provided the information is corroborated. *Eisenhauer v. State*, 678 S.W.2d 947, 953 (Tex. Crim. App. 1984), *overruled on other grounds*, *Heitman v. State*, 815 S.W.2d 681, 690 (Tex. Crim. App. 1991). *Eisenhauer* provides the substantive law governing informant-based probable cause. 678 S.W.2d at 949-55. The Texas Court of Criminal Appeals held in *Eisenhauer* that the totality-of-the-circumstances approach adopted by the Supreme Court in *Gates*, 462 U.S. at 230-31, also applies to appellate review of probable cause for warrantless searches. 678 S.W.2d at 952. Under the totality-of-the-circumstances approach, an informant=s veracity, reliability, and basis of knowledge are all relevant in determining the value of a tip. *Id.* at 952 (citing *Gates*, 462 U.S. at 230). These elements, however, are not Aentirely separate and independent requirements to be rigidly exacted in every case.@ *Id.* (quoting Gates, 462 U.S. at 230). Rather, they are Aclosely intertwined issues that may usefully illuminate the commonsense, practical question whether there is >probable cause=to believe that contraband or evidence is located in a particular place.@ *Id.* As noted in *Eisenhauer*, seemingly innocent activities might become suspicious in the light of a tip. *Id.* at 954.

Here, Detective Howard testified that he received information from a confidential informant with whom he had worked on other criminal drug investigations. Detective Howard considered the informant reliable because in previous investigations the informant provided information that proved true. Although the informant=s identity remained confidential, there was no evidence that the informant was anonymous. The informant provided Detective Howard with many details about this particular transport of marihuana. The informant told Detective Howard the car rental company from which appellant rented the truck, the date and time appellant rented the truck, and the make and color of the rented truck. The

6

informant told Detective Howard that later that day appellant would be driving the rented black Durango, which would contain marihuana, following Hall in a rented green Tahoe, traveling along the Mertzon Highway, toward San Angelo, and that the two would pass a particular location at a particular time. Further, the informant said Hall would exhibit a specific pattern of behaviorChe would drive erraticallyCif he observed law enforcement nearby. After he received the information from the informant, Detective Howard continued his investigation. He corroborated the informant=s information regarding appellant=s rental of the Durango by reviewing Enterprise Rent-A-Car=s records. Also, Detective Howard spoke with several other confidential informants who corroborated details described by the informant. Detective Howard personally observed the green Tahoe leading appellant=s black Durango as the two traveled on the Mertzon Highway toward San Angelo at the time and location indicated by the informant. Finally, Detective Howard observed Hall begin to drive erratically when law enforcement vehicles appeared, thereby corroborating what the informant said would occur.

The information given by the informant to Detective Howard, particularly when combined with other information Detective Howard knew about appellant, was sufficient to raise a high degree of suspicion and created a reasonable belief that marihuana was located in the Durango, thus providing the officers with probable cause to stop and search the truck. *See Dyson*, 527 U.S. at 467; *Gates*, 462 U.S. at 230.

**Conclusion**

Based on the evidence viewed in a light most favorable to the district court=s ruling, and reviewing *de novo* the application of search and seizure law to these facts, we hold that the officers had

7

probable cause to believe that the black Durango driven by appellant contained contraband, and that probable cause authorized the officers to stop and search the black Durango. The officers discovered the marihuana in the Durango driven by appellant following a valid automobile stop and search. Appellant=s issue is overruled and the judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   May 1, 2003

Do Not Publish