COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| ELOER GONZALEZ TERANGO, | § | No. 08-07-00089-CR |
| Appellant, | § | Appeal from the |
| V. | § | 109th District Court |
| THE STATE OF TEXAS, | § | of Winkler County, Texas |
| Appellee. | § | (TC# 4807) |
|  | § |  |
|  | § |  |

**O P I N I O N**

Eloer Gonzalez Terango appeals from a conviction for aggravated sexual assault of a child. A jury sentenced Mr. Terango to a term of 50 years confinement in the Institutional Division of the Texas Department of Criminal Justice and assessed a fine in the amount of $10,000.

In May of 2005, and at the time of the incident, Appellant dated and lived with Rosa Pineda and her six-year-old twin children, Deidra Venegas and Daniel Venegas. On May 27, 2005, police arrested Ms. Pineda for assault. After police took Ms. Pineda, her mother took possession of the twins. Due to their grandmother's ill-health, the twins were subsequently placed in the custody of Ms. Kelly Hernandez, their mother's aunt.

Ms. Hernandez started to take the children back to Ms. Pineda's home, when Deidra started crying, "became hysterical," and told Ms. Hernandez she did not want to return home. At the child's request, Ms. Hernandez took the children to her own home. Based on Deidra's

reaction to returning home, Ms. Hernandez notified Captain Scott Williams of the Kermit Police Department of Deidra's outcry in the car. Deidra explained to Captain Williams that Appellant had penetrated her "privates" with his finger and that "it hurt when he did it."

On June 6, 2005, police questioned Appellant in custody. Because Appellant did not speak English, Detective Garcia interviewed Appellant in Spanish. During the interview, Appellant made an inculpatory statement. Detective Garcia translated and transcribed Appellant's statement for him because Appellant could not write in English. The statement indicates that on May 27, 2005, Appellant "touch[ed] Deidra's vagina and then ma[de] her take a bath."

A grand jury indicted Appellant on December 7, 2006 on one count of aggravated sexual assault of a child. During trial, the State moved to enter Appellant's inculpatory statement as evidence. Defense counsel objected on the ground that Appellant's statement was "not written in his own hand" and thus "all hearsay." The objection was overruled. The jury found Appellant guilty of the charged offense on February 28, 2007.

Appellant raises three issues on appeal: (1) that the trial court erred in overruling Appellant's challenge for cause against Veniremember Kline when she expressed bias or prejudice; (2) that the trial court erred by denying the Appellant's motion for a new trial based on ineffective assistance of counsel when counsel failed to preserve error on the trial court's denial of Appellant's challenge for cause; and (3) that the trial court erred in denying Appellant's motion to suppress his written confession when the confession was not "made" by the Appellant and was improperly obtained.

In Issue Three, Appellant argues that the trial court erred by denying his motion to

suppress the written confession when the confession was not "made" by Appellant. Appellant further contends that the police improperly obtained his statement when they failed to have a "valid witness" present to verify the translation, thus rendering the statement involuntary.

At trial, the State asked Detective Garcia to read Appellant's statement to the jury. Defense counsel objected on the grounds that Appellant did not write the statement "in his own hand" and that it was "all hearsay." Defense counsel phrased the objection as follows:

> Your Honor, we object to the reading of the statement or even the entering of the statement as evidence, because I mean it's obviously not a statement in his own hand because he can't, obviously testified can't write in English. It was written by Mr. Garcia and then he, you know, supposedly translated it and then Mr. Tarango signed it, but it was not written in his own hand, you know, there's no tape, I asked, I mean I think it's all hearsay, Your Honor and I ask that it not be admissible.

The court overruled the objection and allowed Detective Garcia to read the statement into the record. The trial court admitted Appellant's statement into evidence as State's Exhibit Number One.

On appeal, Appellant contends defense counsel's objection during trial was a motion to suppress the evidence. However, the record does not indicate that Appellant moved for suppression of the statement, and therefore the argument is not preserved for appellate review.

In order to preserve an error for appellate review, the record must show that a party presented a timely request, objection, or motion that states the specific grounds for the desired ruling, unless they are apparent from the context of the request, objection, or motion. *See* TEX.R.APP.P. 33.1(a)(1). Moreover, the trial court must have either expressly or implicitly ruled on the request, objection, or motion. *See* TEX.R.APP.P. 33.1(a)(2)(A).

Appellant's complaint is not preserved because the objection made at trial, hearsay, does

not comport with the issue raised on appeal, a motion to suppress a confession on the grounds that it was involuntary. *See Barnes v. State*, 876 S.W.2d 316, 325 (Tex.Crim.App. 1994) (holding that the trial objection did not comport with the issue raised on appeal; consequently, there was no preservation for review). However, in the interest of justice, we will address the merits of Appellant's argument on the questions of whether Appellant voluntarily "made" his statement, and whether it was admissible at trial.

We review a trial court's ruling on a motion to suppress for an abuse of discretion, giving almost total deference to the trial judge's decision based on the facts. *Guzman v. State*, 955 S.W.2d 85, 88-9 (Tex.Crim.App. 1997); *Garcia v. State*, 15 S.W.3d 533, 535 (Tex.Crim.App. 2000). In reviewing the trial court's decision, we must view the record and reasonable inferences therefrom in a light most favorable to the ruling, and will uphold the decision only if it is reasonably supported by the record. *State v. Ross*, 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000); *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App. 1996). This is the proper standard of review because it is recognized that "trial courts are usually in the best position to make the call on whether certain evidence should be admitted or excluded." *Guzman*, 955 S.W.2d 89.

A reviewing court must take into account the totality of the circumstances under which a confession was made when the voluntariness of the confession is at issue. *Creager v. State*, 952 S.W.2d 852, 855 (Tex.Crim.App. 1997). A statement is involuntary if the record reflects "official, coercive conduct of such a nature that any statement obtained thereby was unlikely to have been the product of an essentially free and unconstrained choice by its maker." *Alvarado v. State*, 912 S.W.2d 199, 211 (Tex.Crim.App. 1995). The ultimate question for the appellate court

is whether Appellant's will was overborne. *Creager*, 952 S.W.2d at 856.

On appeal, Appellant relies heavily on *Cruz v. State*. 586 S.W.2d 861 (Tex.Crim.App. 1979). In *Cruz*, a lawyer drafted a confession for the defendant and made him sign the statement without reading it. *Id*. at 862-65. The lawyer took the signed statement to the police station where the defendant was to be interrogated. *Id*. at 863. When the detectives requested a statement from the defendant, the lawyer offered the prepared statement. *Id*. At trial, the court admitted the statement as evidence, however, the lawyer objected on three grounds: that the defendant had not been read his rights prior to giving the statement; that the defendant signed the statement without reading it; and that the statement was the lawyer's version of what happened and not the defendant's version. *Id*. The Court of Criminal Appeals in *Cruz*, held that the statement was not admissible as evidence because the statement was not made by the defendant. *Id*.

However, in *State v. Terrazas*, 4 S.W.3d 720 (Tex.Crim.App. 1999), the Court held that it refused "to extend *Cruz* beyond the unique facts and circumstances of that case." Indeed, the Court noted that the circumstances in *Cruz* were of such a nature "which it 'trusted' would 'never again be presented.'" *Id*. at 726, *quoting Cruz*, 586 S.W.2d at 862-65. The facts in this case are clearly unlike the facts in *Cruz*, and we decline to extend its reasoning.

In the case at bar, Detective Garcia read Appellant his rights in Spanish, prior to custodial interrogation and prior to Appellant's statement. Moreover, Detective Garcia read Appellant his rights in the presence of a witness, Officer Ismael Cobos. Because Appellant could not speak English, Detective Garcia translated and transcribed Appellant's dictated statement. Further, Detective Garcia read Appellant's statement back to him in both Spanish and English in the

presence of two witnesses, Officer Cobos and Ms. Barbara Sabonya, a notary public. Appellant signed his statement and initialed it several times.

A review of the record neither indicates that Appellant's will was overborne nor that his statement was a result of official coercive conduct rendering it inadmissible under *Alvarado*, 912 S.W.2d at 211. The record shows Appellant was willing to give a written statement as long as Officer Garcia wrote it out for him. Under Texas law, "officers are currently permitted to reduce defendants' oral statements into writing [and] are even allowed to paraphrase the statements." *Heiselbetz v. State*, 906 S.W.2d 500, 512 (Tex.Crim.App. 1995). Refusing to extend Appellant's *Cruz v. State* analysis, we conclude Appellant indeed "made" his statement and that the statement was voluntary.

Furthermore, we conclude that the trial judge did not abuse his discretion in admitting Appellant's statement. The trial judge was free to believe that Appellant's statement was made willingly and free from official coercion. Issue Three is overruled.

In Issue One, Appellant argues that the trial court erred overruling Appellant's challenge for cause against Veniremember Katy Kline, when she expressed bias or prejudice during voir dire.

During voir dire, Veniremember Katy Kline gave notice that a family member had been a victim of a sexual assault. Ms. Kline informed the court that her younger brother had been a victim of sexual assault "years ago." The court asked Ms. Kline if she could "set aside that experience . . . and judge the case based just on what [she would] hear in the courtroom . . . ." Veniremember Kline indicated that she would have trouble doing so when she replied, "actually, yes, it will affect me." The Court then asked, however, whether Ms. Kline felt she would be able

to follow the court's instructions in deciding the case. Ms. Kline indicated then that she could follow the trial court's instructions. Defense counsel moved to have her struck for cause. The motion was denied, and Ms. Kline was seated as a member of the panel.

To preserve error for appellate review with respect to a trial court's denial of a challenge for cause, an appellant must: (1) assert a clear and specific challenge for cause; (2) use a peremptory strike on the complained-of veniremember; (3) exhaust his peremptory strikes; (4) request additional peremptory strikes; (5) identify an objectionable juror; and (6) claim that he would have struck an objectionable juror with a peremptory strike if he had one to use. *Allen v. State*, 108 S.W.3d 281, 282 (Tex.Crim.App. 2003). The record indicates that Appellant asserted a clear and specific challenge for cause of Veniremember Kline. However, Appellant failed to preserve error on the trial court's denial of his challenge for cause against Ms. Kline, when defense counsel failed to use a peremptory strike to remove her from the jury. Because Ms. Kline was not the subject of a peremptory strike, Issue One has not been preserved for our review. Issue One is overruled.

In Issue Two, Appellant argues that the trial court erred by denying Appellant's motion for mistrial on the grounds of ineffective assistance of counsel, when defense counsel failed to preserve error on the trial court's denial of Appellant's challenge for cause.

In order to prevail on a claim of ineffective assistance of counsel, an appellant must show: (1) that trial counsel performed deficiently; and (2) that defense counsel's deficient performance served to prejudice the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In evaluating whether defense counsel performed deficiently, a reviewing court "must not second-guess legitimate strategic or tactical decisions

made by trial counsel in the midst of trial . . . ." *State v. Morales*, 253 S.W.3d 686, 696 (Tex.Crim.App. 2008). Instead, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Therefore, a reviewing court should presume that the performance of trial counsel was constitutionally adequate unless the record is sufficient to indicate otherwise. *Morales*, 253 S.W.3d at 696. Moreover, a reviewing court should presume that trial counsel was effective, "unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005). The record in this case is insufficient to show that in failing to use a peremptory strike against Veniremember Kline in order to preserve error for appeal, trial counsel "acted outside the bounds of what any competent attorney would have done." *Morales*, 253 S.W.3d at 697.

The record indicates that defense counsel made a motion for mistrial on the grounds of ineffective assistance of counsel at the close of evidence. Prior to that motion, defense counsel made a motion for a directed verdict on the grounds that there had been no in-court identification of Appellant as the perpetrator of the offense. The court allowed the reopening of evidence solely for the purpose of identifying Appellant. Defense counsel objected and was overruled. Immediately after the trial court reopened evidence, defense counsel made the motion for mistrial. The record indicates that the motion for mistrial was a response to the court's decision to overrule defense counsel and reopen evidence. There is no indication that defense counsel moved for a mistrial on the ground of ineffective assistance of counsel due to his failure to peremptorily strike Ms. Kline and preserve error.

Assuming, arguendo, that Ms. Kline was challengeable for cause, we recognize that the service of "a single partial juror will vitiate a conviction." *Delrio v. State*, 840 S.W.2d 443, 445 (Tex.Crim.App. 1992). However, the Sixth Amendment's right to an impartial jury, "is just that - a right." *Morales*, 253 S.W.3d at 697. The Court has held that this right is subject to forfeiture or "waiver by the defendant in the interest of overall trial strategy." *Id.*, *citing Delrio*, 840 S.W.2d at 445. Because the defendant may exercise this right at will, the Sixth Amendment right to an impartial jury is subject to defense counsel's strategic and tactical decisions during trial. *Morales*, 253 S.W.3d at 697.

Following the standard set forth in *Strickland*, we must presume that defense counsel is better situated than the appellate court to judge the strategies employed in a particular case and that those strategic decisions were made using reasonable professional judgment. *Delrio*, 840 S.W.2d at 447. Indeed, in *Delrio*, the Court could "envision circumstances under which it might appear advantageous" to retain prospective jurors with an actual bias, and held that defense counsel could retain such jurors. *Id.* at 446.

Similarly, in this case, we cannot assume that defense counsel did not make a strategic or tactical choice, albeit a difficult one, when he failed to exercise a peremptory challenge on Ms. Kline, and thus failed to preserve error. *See Morales*, 253 S.W.3d at 698. It does not follow, *ipso facto*, that defense counsel's actions were necessarily deficient. *Id.* at 699. After the court denied defense counsel's challenge for cause, he may very well have made a strategic decision not to exercise a peremptory challenge on Ms. Kline. Subsequently, Issue Two is overruled.

Having overruled all of Appellant's issues, we affirm the trial court's decision.

September 30, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J. (Not Participating)

(Do Not Publish)