ACCEPTED
12-14-00044-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/16/2015 11:41:41 AM
CATHY LUSK
CLERK

---

In The Twelfth Court Of Appeals
Tyler, Texas

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

2/16/2015 11:41:41 AM

CATHY S. LUSK
Clerk

**No. 12-14-00044-CR**

*Shakeitha Cartwright, Appellant,*
*v.*
*The State of Texas, Appellee*.

---

On Appeal from the 273rd District Court, Shelby County, Texas
Trial Court Cause No. 2013-CR-18695

---

APPELLANT'S MOTION TO ABATE APPEAL AND FOR A *DE NOVO* HEARING IN THE
TRIAL COURT UNDER ART. 38.22, § 6, TEXAS CODE OF CRIMINAL PROCEDURE

---

Seth T. Johnson, Tex. Bar No. 24082212
222 North Mound St., Suite #1
Nacogdoches, Texas 75961
Telephone: (936) 205-6775
Fax: (936) 715-3022
Email: johnsondefenselaw@gmail.com
Attorney for Appellant

## APPELLANT'S MOTION TO ABATE APPEAL AND FOR A *DE NOVO* HEARING IN THE TRIAL COURT UNDER ART. 38.22, § 6, TEXAS CODE OF CRIMINAL PROCEDURE

TO THE HONORABLE JUDGES OF THE TWELFTH COURT OF APPEALS:

COMES NOW, the Appellant, Shakeitha Cartwright, by and through her attorney of record, Seth T. Johnson, and respectfully makes this motion.

Appellant moves this Honorable Court for an order abating this appeal, an order directing the trial court to hold *de novo* a hearing under Art. 38.22, § 6, Tex. Code Crim. Proc., and following said hearing, to prepare and file findings of fact and conclusions of law as to the voluntariness of Appellant's statements to law enforcement, and to file in the Appellate Court a supplemental clerk's record containing those findings, and for an order staying the briefing schedule until the foregoing is accomplished.

Only if Appellant's first motion is denied, then Appellant alternatively moves this Honorable Court for an order, pursuant to Tex. Rule App. Proc. 34.5(c)(2), directing the trial court to prepare and file findings of fact and conclusions of law as to the voluntariness of Appellant's statements to law enforcement, and to file in the Appellate Court a supplemental clerk's record containing those findings, in accordance with Art. 38.22, § 6, Tex. Code Crim. Proc.

In support, Appellant would show as follows:

## I. STATEMENT OF FACTS

On May 7, 2013 Appellant's trial counsel filed a pre-trial "Motion to Suppress Statement of Defendant", alleging *inter alia*, that her statements to law enforcement were involuntary in violation of Art. 38.22, Tex. Code Crim. Proc., and U.S. Const.

2

Amend. 5 & 14. (CR, Vol.1, p. 23)[1]. Specifically, said motion alleged that the statements were made under "extreme duress" while Appellant was in a "state of shock" and "severely depressed", and that Appellant was mentally incompetent at the time. *Id.* Said motion explicitly requested that the trial Judge enter "specific findings of fact and conclusions of law". *Id.* As discussed *infra,* the reporter's record shows that the District Attorney and the Judge both clearly understood that Ms. Cartwright's was moving to suppress her statements on the basis of claimed involuntariness and that she was invoking the procedures outlined in Art. 38.22, § 6, of the Tex. Code of Crim. Proc.

On July 8, 2013 said motion came on to be heard before the Hon. Charles Dickerson, 123rd District Court. (RR. Vol.3, p.1). The three law enforcement officers responsible for questioning Ms. Cartwright and taking her statements all testified at the hearing. (RR. Vol.3, p.11-74). Also, Ms. Cartwright's videotaped statements (State's exhibits no. 1-3) and her written statement (State's exhibits no. 4) were admitted into evidence for the limited purposes of the suppression hearing. (RR. Vol.3, p. 3, 7-8, 40). It was understood by both parties that Judge Dickerson would watch the admitted videos on his own. (RR.Vol.3, p.9; RR.Vol 5, p.193).

The suppression hearing was then recessed by agreement of the parties without any findings or rulings made by Judge Dickerson. (RR. Vol.3, p. 74). The reason for doing so was defense counsel's stated intent to have defendant evaluated by a mental health expert and then to present evidence about that evaluation prior to the conclusion of the suppression hearing. (RR. Vol.3, p. 5). The trial court approved funding for said evaluation. (RR. Vol.3, p. 79).

---

[1] The clerk's record is referenced as "CR" followed by volume and page number. The reporter's record is referenced as "RR" followed by volume and page number.

For unknown reasons, the mental evaluation was not conducted. The suppression hearing was never resumed at any time prior to the jury trial. Judge Dickerson did not issue any orders ruling on the voluntariness issue or making findings of fact or conclusions of law. (RR. Vol.4, p.145).

On January 13, 2014 Defendant's jury trial commenced. The trial was presided over by a second judge, the Hon. Charles Mitchell, in the 273rd District Court. (RR. Vols.4-10). Following jury selection, but prior to the presentation of evidence, there is a discussion on the record between the parties and Judge Mitchell about the lack of a ruling under *Denno* and *38.22* and the need for written findings regarding the voluntariness of Ms. Cartwright's statements. (RR. Vol. 4 p.143-146). Based on the agreement of the parties, Judge Mitchell agreed to read the reporter's transcript of the July 8, 2013 suppression hearing. *Id.*

Trial continued on January 14, 2014. (RR. Vol.5). Out of the presence of the jury, the suppression hearing was briefly resumed on this date. (*Id.*, p.193-207). Judge Mitchell indicated for the record that he had read the transcript of the suppression hearing presided over by Judge Dickerson. (*Id.*, p.195, 202). None of the witnesses who testified on July 8, 2013 were recalled to testify anew. (*Id.*, p.193-207). Some new evidence was heard. The state played the portion of each video (State's Exhibits #1 & #3) showing the *Miranda* admonishments. (*Id.*, p.198-199). Judge Mitchell did not watch the videos in their entirety (approximately 7 hours long) prior to ruling. There is no evidence in the record that Judge Dickerson watched the videos either, although they had been tendered for that purpose on July 8, 2013. (*Id.*, p.193) The state also admitted two *Miranda* warning cards signed by the Defendant. (*Id.*, p.200). Judge

4

Mitchell ruled that the videotaped statements were voluntary and admissible. (*Id.*, p.205). No ruling was made at all concerning the voluntariness of Ms. Cartwright's written statement. *Id.* Following the suppression hearing, there was another discussion on the record about the necessity of written findings and conclusions under *38.22*. Judge Mitchell agreed to file the requisite order, and it appears that one was in the process of being drafted by the District Attorney. (*Id.*, p.205-207). However the clerk's record does not contain any written findings.

## II. AUTHORITIES AND ARGUMENT – ABATEMENT OF APPEAL AND REMAND TO TRIAL COURT FOR *DE NOVO* 38.22 § 6 HEARING REQUIRED

In most cases, a remand order pursuant to Tex. Rule App. Proc. 34.5(c)2 directing the trial court to prepare and file findings and conclusions as to the voluntariness of a defendant's statements will satisfy the mandatory requirements of Art. 38.22 § 6 Tex. Code Crim. Proc.

> "When the voluntariness of a statement is challenged, Art. 38.22, § 6, of the Texas Code of Criminal Procedure requires the trial court to make written fact findings and conclusions of law as to whether the challenged statement was made voluntarily. *It is well settled that Art. 38.22, § 6, "is mandatory in its language and that it requires a trial court to file its findings of fact and conclusions of law regarding the voluntariness of a confession whether or not the defendant objects to the absence of such omitted filing."* Wicker v. State, 740 S.W.2d 779, 783 (Tex.Crim.App.1987), cert. denied, 485 U.S. 938 (1988). See also McKittrick v. State, 535 S.W.2d 873, 876 (Tex.Crim.App.1976).

> Our review of the record reflects that the trial court did not issue the requisite written findings of fact and conclusions of law. Thus, the court of appeals made its decision without the benefit of the requisite findings and conclusions. The proper procedure is that the trial judge be directed to make the required written findings of fact and conclusions of law. Wicker, supra. We remand this cause to the court of appeals with instructions to require compliance by the trial court with the provisions of Art. 38.22, § 6, and reconsider the voluntariness of Appellant's confession in light of those findings of fact and conclusions of law."

> *Urias v. State*, 155 S.W.3d 141 (Tex.Cr.App. 2004).

5

But the uncommon procedural history of the instant case presents problems that cannot be remedied by the ordinary measure.  1) Judge Mitchell's ruling during trial that Ms. Cartwright's statements were voluntary and admissible was based almost entirely on his reading of a "cold transcript" from the July 8, 2013 hearing.  Said transcript contained all of the testimony from the three officers responsible for questioning Ms. Cartwright.   2) In making his ruling Judge Mitchell was unable to rely on a ruling from Judge Dickerson containing findings of fact and conclusions of law concerning voluntariness. 3) Due to the bifurcated nature of the suppression hearing, neither Judge actually heard all of the evidence in the form of live testimony.  4) It appears from the record that neither Judge actually watched the videotaped statements in their entirety before ruling on their admissibility.

A trial judge may not make statutorily-mandated findings of fact and conclusions of law based on a reporter's record of a hearing over which he did not preside, unless the judge who heard the evidence has previously filed findings of fact and conclusions of law. *Garcia v. State*, 15 S.W.3d 533, 535-36 (Tex. Crim. App. 2000).  The only remedy in the instant case is a *de novo* Art. 38.22 § 6 hearing.

> "The determination of whether a statement is voluntary is a mixed question of law and fact, i.e., an application of law to a fact question. . . . In the instant case, the trial court held a hearing pursuant to Appellant's motion to suppress his statement on the basis that it was involuntary. At the hearing, testimony was taken from Abdon Rodriguez, the police officer who took Appellant's confession, and from Appellant. Thus, the trial court's conclusion that Appellant's statement was voluntary was based on a direct evaluation of the witnesses' credibility and demeanor.
>
> Recently, we stated that "appellate courts ... should afford [almost total] deference to trial courts' rulings on 'application of law to fact questions,' also known as 'mixed questions of law and fact,' if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor." Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). This is the proper standard of review

6

because the trial judge viewing the witnesses and hearing their testimony is in a better position to evaluate their credibility and demeanor than is an appellate judge who must rely on only a written transcript of the hearing. See id. at 87. *For the same reason, it is not appropriate for the second judge in the instant case to make findings of fact based solely on the written transcript of the initial hearing. It is inconsistent to restrict an appellate court's review of such findings because it has nothing to review but a "cold" record, yet allow a trial judge to make such findings based on nothing but that same "cold" record.*

Garcia v. State, 15 S.W.3d 533, 535 (Tex.Cr.App. 2000)(emphasis added).

Almost all of evidence presented concerning the alleged voluntariness of Ms. Cartwright's statements was presented during the July 8, 2013 hearing over which Judge Mitchell did not preside. The only new evidence presented at the second hearing was that *Miranda* admonishments were given and that Ms. Cartwright allegedly understood those rights. The second hearing did not delve into any of the issues surrounding threats or inducements by officers, the officers demeanor during questioning, or any other circumstances attendant to the interrogation.

The only exception to the holding of *Garcia* occurs when the first Judge, who was in a position to evaluate the testifying witnesses' credibility, actually issued findings of fact and conclusions of law that the second Judge could rely on in conjunction with the reporter's transcript:

"As this statement makes clear, it was permissible for the second trial judge in Bass to decline to hold a hearing on the voluntariness of the confession because such a hearing had already been held and findings of fact and conclusions of law had previously been entered by the trial judge who presided over that hearing. That is, both the second trial judge and the appellate court could rely on written findings of fact and conclusions of law made by the judge who presided over the hearing and evaluated the credibility and demeanor of the witnesses. In the instant case, however, an order containing such an evaluation does not exist, and the only order which does exist was not based on a direct evaluation of the credibility and demeanor of the witnesses by the judge who made the written findings."

Garcia v. State, 15 S.W.3d 533, 536 (Tex.Cr.App. 2000).

Ms. Cartwright's case simply does not satisfy that criterion. Therefore, Judge Mitchell is not in a position to rule on the voluntariness of Ms. Cartwright's statements without conducting a *de novo 38.22* hearing.

Appellant Cartwright seeks the same relief ordered in the case *Dronet v. State*, Appellee No. 09-11-00444-CR, Ct. of App. - Beaumont, May 2, 2013.

**CONCLUSION AND PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Appellant, Shakeitha Cartwright, prays for an order abating this appeal, an order directing the trial court to hold *de novo* a hearing under Art. 38.22, § 6, Tex. Code Crim. Proc., and following said hearing, to prepare and file findings of fact and conclusions of law as to the voluntariness of Appellant's statements to law enforcement, and to file in the Appellate Court a supplemental clerk's record containing those findings, and for an order staying the briefing schedule until the foregoing is accomplished.

Only if Appellant's first motion is denied, then Appellant alternatively prays for an order, pursuant to Tex. Rule App. Proc. 34.5(c)(2), directing the trial court to prepare and file findings of fact and conclusions of law as to the voluntariness of Appellant's statements to law enforcement, and to file in the Appellate Court a supplemental clerk's record containing those findings, in accordance with Art. 38.22, § 6, Tex. Code Crim. Proc.

Respectfully submitted,

_____
Seth T. Johnson, #24082212
ATTORNEY FOR DEFENDANT
222 North Mound St. #1
Nacogdoches, TX 75961

8

(P) 936-205-6775
(F) 936-715-3022
johnsondefenselaw@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion, was delivered via electronic filing service to: Kenneth Florence, Shelby County District Attorney, on February 16, 2015.

Seth T. Johnson, #24082212