

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00214-CR

THE STATE OF TEXAS, Appellant

V.

LEON GEARHART, Appellee

On Appeal from the County Court at Law No. 1
Gregg County, Texas
Trial Court No. 2018-1359

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

After Leon Gearhart was stopped by Texas Department of Public Safety Trooper Justin Craig in the early morning hours of April 7, 2018, he was charged with driving while intoxicated. Gearhart moved to suppress evidence, which was granted by the trial court. On appeal, the State contends that the trial court erred in granting Gearhart's motion to suppress. Because the record supports its ruling, we affirm the trial court's judgment.

## I.      The Motion to Suppress Hearing

Trooper Craig was the only witness at the hearing. Craig first testified that he stopped Gearhart because he observed him driving a Dodge Ram pickup with white identification and clearance lights. Craig explained that, although the Texas Transportation Code did not require Gearhart's vehicle to have identification and clearance lights, it was permissible, but the lights had to be amber. He acknowledged that these types of lights were only required on vehicles 80 inches or greater in width and that Gearhart's vehicle was fewer than 80 inches. Craig also testified that it was about 2:00 a.m., in a vicinity surrounded by bars, and that he observed Gearhart weaving within his lane.

When examined by the State, Craig testified that he learned later that Gearhart's vehicle was 79.4 inches wide and that he cannot "eyeball" whether a vehicle is 79.4 inches or 80 inches wide. Craig also admitted that had he seen the same vehicle with no clearance lights, he would not have stopped it for not having clearance lights.

2

Upon questioning by the trial court, counsel for the State acknowledged that, if Gearhart's vehicle did not have amber lights, it would not be a violation under the relevant statute.[1] After arguments of counsel, the trial court took the matter under advisement. Several weeks later, the trial court entered its order granting the motion to suppress. The State did not request that the trial court enter findings of fact and conclusions of law, and the trial court did not enter any of record.

## II. Standard of Review

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review: we give almost total deference to the trial court's determination of historical facts that turn on credibility and demeanor, and we review de novo other application-of-law-to-fact issues. *See Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We also afford nearly total deference to trial court rulings on application-of-law-to-fact questions, also known as mixed questions of law and fact, if resolving those ultimate questions turns on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We review mixed questions of law and fact not falling within this category on a de novo basis. *Id*. We must affirm the decision if it is correct on any theory of law that finds support in the record. *Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002).

---

[1]Subchapter F of the Texas Transportation Code contains additional lighting requirements for certain large vehicles. TEX. TRANS. CODE ANN. §§ 547.351–.355 (West 2011). One of these requirements is that a clearance lamp or identification lamp located on the front, on the side near the front, or in the center of the vehicle "must be or reflect amber." TEX. TRANS. CODE ANN. § 547.353(a). That said, Section 547.351 provides that "[t]he color, mounting, and visibility requirements in . . . subchapter [F] apply only to equipment on a vehicle described by Section 547.352." TEX. TRANS. CODE ANN. § 547.351. The only vehicles described by Section 547.352 are "a bus, truck, trailer, or semitrailer that is at least 80 inches wide," "a bus or truck that is at least 30 feet long," "a trailer or semitrailer that is at least 30 feet long," "a pole trailer," and "a truck-tractor." TEX. TRANS. CODE ANN. § 547.352(1), (2), (3), (4), (5).

3

The trial court is the sole trier of fact in a motion to suppress hearing, and it is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). As a result, "the judge may believe or disbelieve all or any part of a witness's testimony, even if that testimony is not controverted." *Id.* (citations omitted). We defer to the trial court because it can observe, first-hand, the demeanor and appearance of a witness, while an appellate court can only read an impersonal record. *Id.* (citing *Garcia v. State*, 15 S.W.3d 533, 535 (Tex. Crim. App. 2000)).

And, as here, "when the trial court fails to file findings of fact, we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record." *Id.* (citing *Carmouche*, 10 S.W.3d at 328). We must affirm the decision if it is correct on any theory of law that finds support in the record. *Id.* at 855–56.

## III.    Discussion

Recognizing the weakness of its appeal without findings of fact, the State first asks this Court to remand this case to the trial court for the entry of findings of fact and conclusions of law.[2] The State posits that its notice of appeal should act as a "constructive request for the trial court's findings," since the lack of findings of fact prevents meaningful review. But if we were to so hold, we would be placing the burden on the trial court to sua sponte enter findings of fact and conclusions of law every time an appeal is taken contesting the trial court's ruling on a motion to

---

[2]*See State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) (requiring that, on a motion to suppress evidence, "*upon the request of the losing party*, . . . the trial court shall state its essential findings") (emphasis added).

4

suppress evidence.  Doing so would eliminate an essential requirement set forth by the Texas Court of Criminal Appeals in *Cullen*.  As the State admits, the Texas Court of Criminal Appeals has never required the trial court to state its findings of fact and conclusions of law without a request from the losing party.

Even so, the State also argues that Rule 44.4 of the Texas Rules of Appellate Procedure allows this Court to remand the case to the trial court for the entry of findings of fact and conclusions of law.  Rule 44.4 provides:

> (a)    *Generally.*  A court of appeals must not affirm or reverse a judgment or dismiss an appeal if:
>
> > (1)    the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and
>
> > (2)    the trial court can correct its action or failure to act.
>
> (b)    *Court of Appeals Direction if Error Remediable.*    If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error.  The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

TEX. R. APP. P. 44.4.  While Rule 44.4 requires us to direct the trial court to correct any erroneous act, or failure or refusal to act, on its part that prevents the presentation of the appellate case, the rule does not address the situation before us.  Here, there has been no erroneous action by the trial court, and no failure or refusal to act by the trial court, that prevents the proper presentation of the appellate case.  As seen above, the trial court need not state its findings of fact and conclusions of law, unless requested by the losing party.  Thus, any impediment to the proper presentation of the appellate case before us does not result from any action, inaction, or refusal to act by the trial court, but, rather, is the result of the State's failure to request findings of fact and conclusions of law.

5

We therefore overrule the State's request for remand of this case for the entry of findings of fact and conclusions of law.

Barring remand, the State concedes that this Court must affirm the trial court's decision. We agree. As the Texas Court of Criminal Appeals has noted, in a motion to suppress evidence hearing in which the arresting officer is the only witness, and no findings of fact are in the record, we employ the "almost total deference" standard and view the evidence in the light most favorable to the trial court's decision. *Ross*, 32 S.W.3d at 856. In this situation, two theories might support the trial court's ruling: (1) either the trooper's testimony was credible, but the facts established by the testimony do not constitute reasonable suspicion for the initial stop, or (2) the trial court did not find the trooper's testimony, or critical parts of his testimony, to be credible. *See id*. at 856–57.

Since the trial court was the sole judge of the trooper's credibility and demeanor, it was free to disbelieve his testimony, even if the testimony were uncontroverted. *Id*. at 857. Because the record supports the theory that the trial court did not find the trooper's testimony credible, we hold that the trial court did not abuse its discretion in granting the motion to suppress evidence. *Id.*

**IV.     Conclusion**

For the reasons stated, we affirm the trial court's judgment.

                                                    Scott E. Stevens
                                                    Justice

Date Submitted:     April 25, 2019
Date Decided:       April 26, 2019

Do Not Publish