

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00088-CR

---

LUIS MUNOZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2020-421042, Honorable Douglas H. Freitag, Presiding

---

March 14, 2024

## MEMORANDUM OPINION

**Before QUINN, C.J., and PARKER and YARBROUGH, JJ.**

Appellant, Luis Munoz, appeals his conviction for the offense of aggravated robbery[1] and sentence of ninety-nine years' incarceration. Appellant contends that his waiver of his rights prior to giving a statement to police was ineffective due to his level of intoxication. We affirm the judgment of the trial court.

---

[1] *See* TEX. PENAL CODE ANN. § 29.03.

**BACKGROUND**

On August 24, 2020, Appellant and three friends developed a plan to rob a person they knew to be a drug dealer. They arranged a meeting with the dealer. During the meeting, which occurred in the early morning hours of August 25, Appellant shot the dealer in the neck. Appellant was subsequently arrested and provided a confession as a result of questioning by Sergeant Jesse Akins.

Appellant was indicted for the offense of aggravated robbery. Prior to trial, Appellant filed a motion to suppress his confession contending that he was too intoxicated to understand the warnings he was given prior to making his statement. During a hearing held on this motion, Akins testified that he did not believe, based on his observations, that Appellant was too intoxicated to understand the warnings. Christopher Marroquin, a friend of Appellant, also testified that he and Appellant had been drinking all day before Appellant was arrested and that, at the time of his arrest, Appellant was "drunk." At the close of the hearing, the trial court denied the motion.

During the charge conference at trial, Appellant requested that the jury charge include a voluntariness instruction under Texas Code of Criminal Procedure article 38.23(a) regarding Appellant's intoxication. The trial court denied Appellant's request and submitted a jury charge that included a "general" voluntariness instruction under article 38.22, section 6. The jury found Appellant guilty of aggravated robbery and, after a punishment hearing, sentenced him to confinement for a period of ninety-nine years. After the trial court entered judgment consistent with the jury's verdicts, Appellant timely appealed.

2

By his appeal, Appellant presents two issues. Appellant's first issue contends that the trial court abused its discretion in overruling his motion to suppress his confession. By his second issue, Appellant contends that the trial court erred by denying his request for a jury instruction under article 38.23(a).

## MOTION TO SUPPRESS

By his first issue, Appellant contends that the trial court abused its discretion by overruling his motion to suppress the statement he gave to police because he was too intoxicated to understand the *Miranda* and article 38.22 warnings he was given.

When a defendant moves to suppress a statement, the State bears the burden of proving by a preponderance of the evidence that the defendant knowingly, intelligently, and voluntarily waived his *Miranda* and article 38.22 rights. *Leza v. State*, 351 S.W.3d 344, 349, 351 (Tex. Crim. App. 2011). Whether a statement was voluntary is determined by examining the totality of the circumstances surrounding the confession. *Lopez v. State*, 610 S.W.3d 487, 494 (Tex. Crim. App. 2020). We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). Using this standard, we nearly wholly defer to the trial court's resolution of historical facts and credibility, but view questions of law and mixed questions of law and fact that do not turn on credibility de novo. *Leza*, 351 S.W.3d at 349. Whether a confession is voluntary is a mixed question of law and fact. *Garcia v. State*, 15 S.W.3d 533, 535 (Tex. Crim. App. 2000).

No statement of the accused made as a result of custodial interrogation shall be admissible against an accused in a criminal proceeding unless he is first advised of his

relevant constitutional rights and knowingly, intelligently, and voluntarily waives those rights. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22; *Miranda v. Ariz.*, 384 U.S. 436, 498–99, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). However, "[a] confession may be involuntary under the Due Process Clause only when there is police overreaching." *Oursbourn v. State*, 259 S.W.3d 159, 169 (Tex. Crim. App. 2008). If there is no police coercion or overreaching, there is no due-process violation. *Id.* at 170 (citing *Colorado v. Connelly*, 479 U.S. 157, 164, 107 S. Ct. 515, 93 L. Ed. 2d 473 (1986)). The same is true for *Miranda* rights and the waivers that apply to statements that result from custodial interrogations. *Id.* Thus, the United States Constitution leaves voluntariness claims based on the state of mind of the defendant to state laws governing the admission of evidence, such as article 38.22 in Texas. *Id.* at 171.

Article 38.22 sets out rules governing the admissibility of an accused's written and oral statements, both custodial and non-custodial. *Id.* As relevant to the present case, an accused's custodial statement is not admissible unless, prior to making the statement, he received the warnings provided in article 38.22, sections 2(a) and 3(a),[2] and he knowingly, intelligently, and voluntarily waived those rights. *Id.* at 171–72. Unlike with due process, this inquiry does not solely focus on police overreach. *Id.* at 172. While the defendant's state of mind is central in assessing the voluntariness of his statement under article 38.22, the Court of Criminal Appeals has indicated that,

> [c]ircumstances unattributable to the police that nevertheless adversely
> impact an accused's ability to resist reasonable police entreaties to waive
> his statutory rights, such as intoxication, are "factors" in the voluntariness

---

[2] The warnings provided in article 38.22, sections 2(a) and 3(a), incorporate the requirements of *Miranda*. *Oursbourn*, 259 S.W.3d at 171–72.

inquiry, though they "are usually not enough, by themselves, to render a statement inadmissible under Article 38.22[.]"

*Leza*, 351 S.W.3d at 352 (quoting *Oursbourn*, 259 S.W.3d at 173); *see Jones v. State*, 944 S.W.2d 642, 651 (Tex. Crim. App. 1996) ("Intoxication, while relevant, does not render a confession involuntary *per se*.").

Evidence was presented at the suppression hearing that Appellant was read his *Miranda* and article 38.22 warnings at the beginning of the State's interrogation, Appellant expressed prior awareness of one of these warnings, and Appellant agreed to waive those rights and provide a statement. Nothing in the video of the interview with Appellant reflects any sort of police overreach and Appellant does not claim any. Sergeant Akins testified that he did not perceive Appellant as being intoxicated and believed that Appellant was able to understand the warnings that were read to him. Akins testified that he based that conclusion on Appellant's walking, his standing, his lack of slurred speech, and the lack of any odor of alcohol emanating from Appellant. The trial court was able to view the video recording of the statement and assess the validity of Akins' perceptions of the voluntariness of Appellant's waiver of his rights. We acknowledge that Marroquin testified that Appellant had an excessive amount to drink in the hours leading to Appellant's arrest and that Appellant was "drunk" at the time he was arrested. However, we must conclude that the trial court did not find Marroquin's testimony that Appellant was intoxicated to be credible in light of Akins' testimony and the video recording of the custodial interrogation. Considering the totality of the evidence presented at the suppression hearing, we conclude that the trial court did not abuse its discretion in determining that Appellant was not so intoxicated, if he was at all, that he did not

5

knowingly, intelligently, and voluntarily waive his *Miranda* and article 38.22 rights. We overrule Appellant's first issue.

## JURY INSTRUCTION

By his second issue, Appellant contends that the trial court abused its discretion in denying his request for an article 38.23 jury instruction to determine whether he was too intoxicated to knowingly, intelligently, and voluntarily waive his rights before considering his statement in assessing his guilt.

We review a complaint about jury-charge error in two steps: first, we determine whether the jury charge was erroneous; second, if the charge was erroneous, we analyze the error for harm. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). When the defendant timely preserves his complaint, reversal is required if there is some harm to the defendant. *Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016).

If a trial court has determined that a statement was made under voluntary conditions, "evidence pertaining to such matter may be submitted to the jury and it shall be instructed that unless the jury believes beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such statement for any purpose nor any evidence obtained as a result thereof." TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6. This provision is the law applicable to the case when a question is raised and litigated as to the general voluntariness of a statement given by the accused. *Oursbourn*, 259 S.W.3d at 180.

Appellant contends that the trial court erred in refusing to include an instruction under article 38.23(a). Article 38.23(a) provides,

6

> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this [a]rticle, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a). To be entitled to an article 38.23 jury instruction regarding the voluntariness of a statement, "[t]he defendant must offer evidence that, if credited, would create a reasonable doubt as to a specific factual matter essential to the voluntariness of the statement." *Oursbourn*, 259 S.W.3d at 177. "Normally, 'specific' exclusionary-rule instructions concerning the making of a confession are warranted only where an officer uses inherently coercive practices[3] . . . ." *Id.* at 178.

In the present case, the jury was given a "general" voluntariness instruction under article 38.22, section 6, but not an article 38.23(a) "specific" instruction. Appellant's question regarding whether he was too intoxicated to understand the warnings that were read to him or to waive the same required the trial court to give the jury a general voluntariness instruction under article 38.22, section 6. TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6. However, because Appellant does not allege that Sergeant Akins employed any sort of inherently coercive practice to obtain his confession, the trial court was not obligated to give the jury an article 38.23(a) specific instruction. *See Oursbourn*, 259 S.W.3d at 181 (evidence that defendant was in pain, lied to about inculpating evidence, and in a vulnerable mental state due to bipolar disorder requires a general voluntariness instruction under article 38.22, section 6, but not a specific constitutional instruction under article 38.23(a)); *see also Contreras v. State*, 312 S.W.3d 566, 575–76 (Tex. Crim. App.

---

[3] The Court of Criminal Appeals identifies "inherently coercive practices" as including subjecting the suspect to persistent and protracted questioning, threats of mob violence, unlawful detention without the advice of counsel or friends, and seclusion at night in a lonely and isolated place for questioning. *Id.* at 178 n.70.

2010) (alleged lack of sleep not caused by police does not raise an article 38.23(a) instruction); *Balentine v. State*, 71 S.W.3d 763, 773 (Tex. Crim. App. 2002) ("A trial court is required to include an Article 38.23 instruction in the jury charge only if there is a factual dispute as to how the evidence was obtained."). The trial court properly instructed the jury to assess the voluntariness of Appellant's statement and not to consider it if the jury believed beyond a reasonable doubt that it was not voluntarily given. However, in the absence of evidence of police misconduct, the trial court did not err in refusing to instruct the jury under article 38.23(a). We overrule Appellant's second issue.

## CONCLUSION

Having overruled each of Appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.